**In re Christiana PILLOT, Debtor.**

**No. LA 01–35952 TD.**

United States Bankruptcy Court,
C.D. California,
Los Angeles Division.

Oct. 28, 2002.

Ron Maroko, Office of U.S. Trustee, Los Angeles, CA, for Movant.

M. Jonathan Hayes, Haight, Brown & Bonesteel, LLP, Los Angeles, CA, for Respondent.

Maureen A. Tighe, Los Angeles, CA, United States Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW (U.S. TRUSTEE'S MOTION UNDER 11 U.S.C. § 110)

THOMAS B. DONOVAN, Bankruptcy Judge.

**To Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd.:**

The Court heard the United States Trustee's motion under 11 U.S.C. § 110 against petition preparers Henry Ihejirika,

Ziinet.com, and Frankfort Digital Services, Ltd. ("U.S. Trustee's Motion") at the above date and time. The Court makes the following findings of facts and conclusions of law:

## FINDINGS OF FACT

A. *UNCONTROVERTED PRELIMINARY FACTS:*

1. Christiana Pillot (hereafter "Debtor") filed a voluntary petition under chapter 7 of title 11 on August 24, 2001. U.S. Trustee's Motion page 82.

2. Debtor failed to disclose her social security number, attaching as an explanation that she lost her social security card and is in the process of obtaining a new one. U.S. Trustee's Motion pages 82 and 86.

3. In her bankruptcy documents, Debtor did not disclose who assisted her in preparing those documents and, on the second page of her petition, in the space reserved for the signature of the non-attorney petition preparer, Debtor indicates "Not Applicable." U.S. Trustee's Motion pages 82—121.

4. On or about September 4, 2001, the Court issued an order to show cause why Debtor's case should not be dismissed unless she files a notice of her social security number, notify parties and appear on October 3, 2001. U.S. Trustee's Motion page 2. See also Court docket.

5. On September 19, 2001, Debtor filed amendments to her bankruptcy schedules indicating her social security number and attaching a copy of her wage statement. U.S. Trustee's Motion page 2. See also Court docket.

6. On October 3, 2001, Debtor appeared before the bankruptcy court and testified:

A. that she paid Ziinet, an internet website, about $130 for the preparation of her bankruptcy documents; U.S. Trustee's Motion page 78, lines 22–25.

B. that Ziinet advised her to leave her social security number off her petition; U.S. Trustee's Motion 78:24–79:6.

C. that she owned clothes, costume jewelry, books, CDs, a 401(k) plan, a checking account, and had made a security deposit on her apartment; U.S. Trustee's Motion page 79, lines 11–25.

D. that she did not know what an exemption was; U.S. Trustee's Motion page 80, lines 1–5; and

E. that she did not make a choice between the 522(b)(1) and 522(b)(2) exemptions. U.S. Trustee's Motion 79:28–80:14.

7. None of the assets that Debtor testified that she owned were included on her Schedule B prepared with the help of Ziinet. U.S. Trustee's Motion pages 90–93.

8. Debtor paid Ziinet $139 for the use of the bankruptcy program that facilitated the preparation of her bankruptcy documents. U.S. Trustee's Motion pages 16–17.

9. Frankfort Digital Services owns and operates Ziinet.com. Opposition page 1, line 28.

10. The Ziinet.com website included text known as the "Bankruptcy Vault" and "nuggets". Opposition page 3, lines 6–7. See U.S. Trustee's Motion pages 18–66.

11. Debtor was able to access the Bankruptcy Vault and Nuggets after she paid the $139. U.S. Trustee's Motion page 16, paragraphs 4 and 5.

12. Henry Ihejirika is an officer or a person in control of Frankfort Digital Services. U.S. Trustee's Motion pages 67–71.

13. Henry Ihejirika is also the domestic agent for service of process for Frank-

fort Digital Services. U.S. Trustee's Motion page 71 and Opposition page 2, lines 1–2.

14. Henry Ihejirika has detailed knowledge about the operations of Ziinet. Opposition pages 7–9.

15. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. are not attorneys, nor are they an employee of an attorney as it pertains to Debtor's bankruptcy documents. Transcript of Deposition of Henry Ihejirika, 3:16–5:1.

16. Debtor typed documents on her computer and transmitted those documents to Ziinet.com for processing. U.S. Trustee's Motion page 16, paragraphs 8 and 10.

17. Ziinet took 3–5 minutes to process and prepare Debtor's documents for printing on her local printer. U.S. Trustee's Motion page 16, paragraph 10.

18. The language on the response to Statement of Financial Affairs question 9 is not original to Debtor and was not her input. Ziinet admits that its program, not Mrs. Pillot, created the language used on the form. It appears on numerous Ziinet generated petitions. U.S. Trustee's Motion page 111 and RFJN pages 42, 56, 70, 84, 96, and 104.

■ 19. On Debtor's petition, schedules, statement of intention, and statement of financial affairs, in the space marked for disclosure of Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. as the preparer of the documents, Ziinet.com produced the following message, "Not Applicable." U.S. Trustee's Motion pages 83, 104, 106, and 118. This Ziinet.com response was not unique to Debtor's bankruptcy documents, (See for example RFJN pages 36, 51, 65, 79, 93, and 99) and was not her input.

■ 20. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. did not sign the petition, schedules, statement of intention, and statement of financial affairs as mandated by 11 U.S.C. § 110(b)(1) [4 violations].

■ 21. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. did not place on the petition, schedules, statement of intention, and statement of financial affairs an identifying number that identifies who prepared the document as mandated by 11 U.S.C. § 110(c)(1) [4 violations].

■ 22. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. failed to file a declaration under penalty of perjury disclosing the fee he, she, or it received on behalf of Debtor as mandated by 11 U.S.C. § 110(h)(1). See Court docket.

### B. UNCONTROVERTED FACTS RE: UNAUTHORIZED PRACTICE OF LAW:

■ 23. Services provided by Ziinet.com website included providing legal services to Debtor, such as making the exemption choice for Debtor and providing legal advice.

24. Ziinet.com and Frankfort Digital Services, Ltd. admits, and the Court finds, that they engaged in the unauthorized practice of law. Opposition page 4, lines 19–25.

25. With regards to making the exemption choice, the Ziinet.com website makes the following representations:

A. "If you prefer, you can let Ziinet select the exemptions for you automatically. Even the $500 attorney programs cannot do this." U.S. Trustee's Motion page 49.

B. "If you are like most people, you can have Ziinet automatically select the exemption laws for you. All you do is click the button, 'Suggest Exemption'

and Ziinet matches your property to the closest exemption." U.S. Trustee's Motion pages 37–38.

26. Debtor had little knowledge about exemptions, and apparently relied on Ziinet representations, and allowed Ziinet.com to make the exemption choice for her. U.S. Trustee's Motion 79:28–80:14.

27. Henry Ihejirika and the Ziinet.com website provided bankruptcy process advice. The Court finds that the Bankruptcy Vault, the nuggets, and the anti-harassment section contain legal advice, constituting the unauthorized practice of law. See U.S. Trustee's Motion pages 18–66.

28. Furthermore, the Court finds the following statements on the website, among others, to be legal advice about the bankruptcy process, constituting the unauthorized practice of law.

A. "You should not let an attorney talk you into paying him hundreds of dollars just for representing you at the 341(a) hearing. The only thing you need to worry about is having your documents in proper order. If you use Ziinet you can be rest assured that your documents will be in order. Please refer to the section, 'The 341(a) Scam' for a discussion of a popular attorney trick played on unsuspecting debtors." U.S. Trustee's Motion page 28.

B. "*If you use Ziinet, you need not worry about the Petition.* Simply enter the data accurately and Ziinet will make sure that the petition is right." U.S. Trustee's Motion page 48.

29. The Ziinet.com website created an aura of expertise that misled the public and contributed to the finding that they engaged in the unauthorized practice of law.

30. The Court finds that the following statements on the website, among others, create the aura of expertise:

A. "To avoid problems, use a good bankruptcy attorney or use Ziinet." U.S. Trustee's Motion page 55.

B. "If you cannot afford a trained bankruptcy attorney, then use Ziinet. Ziinet is an expert system... In fact Ziinet has a leg up on them [attorneys]." (Emphasis in the text). U.S. Trustee's Motion page 45.

C. [In the vault,] Ziinet uses "leading edge techniques practiced by only a few bankruptcy attorneys and they can be controversial." U.S. Trustee's Motion page 18.

D. "If you use Ziinet, you answer a few questions and Ziinet takes care of the statement of intentions. You do not even need to know that there is such a thing as the statement of intentions." U.S. Trustee's Motion page 51.

E. "All you do is answer a few questions and leave the rest to Ziinet." U.S. Trustee's Motion page 49.

31. The Ziinet.com website provided advice to conceal social security number information and manipulate the bankruptcy process. The Court finds that this type of advice is legal advice constituting the unauthorized practice of law.

32. The numerous Ziinet.com Bankruptcy Vault statements referred to in the U.S. Trustee's Motion on pages 10–11 advise Debtor and anyone else who uses the Ziinet.com website to conceal social security number information and manipulate the bankruptcy process.

33. The Court finds that Debtor and others, as set forth in the U.S. Trustee's Motion at page 12, footnote 4, relied on the Ziinet.com website's advice with regards to hiding their bankruptcy from credit bureaus. See also, U.S. Trustee's Motion 78:26–79:6.

34. The Ziinet.com website provided advice to abuse the bankruptcy code provi-

sions to gain an unfair advantage. The Court finds that this type of advice is legal advice constituting the unauthorized practice of law.

35. The Court finds the following statements on the website, among others, to be legal advice to abuse the bankruptcy code provisions to gain and unfair advantage, constituting the unauthorized practice of law.

A. "After you have filed, the court will notify your creditors about your bankruptcy and your creditors will automatically put your file in the dead file and consider the matter over . . . . and they do not know that you will not get a discharge. What if they never get a discharge notice form [sic] the court? So what? . . . . You can file an amendment to inform the court that you had inadvertently filed bankruptcy within the six year limit and that you do not want to continue with it. . . . Better yet, you can file a partial bankruptcy and the court clerk will dismiss your case in just 15 days. Filing a partial bankruptcy means leaving off some of the documents when you file the first time." U.S. Trustee's Motion page 31.

C. *BASED UPON THE EVIDENCE THE COURT MAKES THE FOLLOWING ADDITIONAL FINDINGS:*

36. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. were the preparers of the Debtors bankruptcy documents.

37. Because of the unauthorized practice of law, the reasonable value of the services provided is zero.

38. Henry Ihejirika is the responsible officer or a person in control of Frankfort Digital Services.

39. Henry Ihejirika is the responsible officer for the content on the Ziinet.com website.

40. Henry Ihejirika engaged in the unauthorized practice of law.

41. Henry Ihejirika aided and abetted Frankfort Digital Services in the unauthorized practice of law.

42. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. jointly and severally violated 11 U.S.C. § 110(b)(1).

43. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. jointly and severally violated 11 U.S.C. § 110(c)(1).

44. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. jointly and severally violated 11 U.S.C. § 110(h)(1).

### CONCLUSIONS OF LAW

45. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. are bankruptcy petition preparers, as that term is defined under 11 U.S.C. § 110(a)(1).

46. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. jointly and severally violated 11 U.S.C. § 110(b)(1).

47. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. jointly and severally violated 11 U.S.C. § 110(c)(1).

48. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. jointly and severally violated 11 U.S.C. § 110(h)(1).

49. Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. engaged in the unauthorized practice of law.

50. Henry Ihejirika, as an officer or person in control of Frankfort Digital Ser-

vices aided in the unauthorized practice of law.

## ORDER ON U.S. TRUSTEE'S MOTION UNDER 11 U.S.C. § 110 FOR FINES AND/OR DISGORGEMENT OF FEES AGAINST BANKRUPTCY PETITION PREPARER; REQUEST FOR FINDING THAT PREPARER ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW

TO HENRY IHEJIRIKA, ZIINET.COM, AND FRANKFORT DIGITAL SERVICES, LTD. (collectively, "Respondent"):

The Court heard the United States Trustee's motion under 11 U.S.C. § 110 at the above date and time. Appearances were as follows:

(x) Ron Maroko, Esq. for the United States Trustee

(x) Jonathan Hayes, Esq., Attorney for Respondents Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd.

**The Court orders, based upon the findings of fact, filed under separate cover, and good cause appearing:**

(x) For violating 11 U.S.C. § 110(b)(1) [four violations] Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. are jointly and severally fined $2,000. Said fine is to be made payable to the United States of America. Payment shall be made to the Clerk of the United States Bankruptcy Court within thirty (30) days of the entry of this order.

(x) For violating 11 U.S.C. § 110(c)(1)[four violations] Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. are jointly and severally fined $2,000. Said fine is to be made payable to the United States of America. Payment shall be made to the Clerk of the United States Bankruptcy Court within thir-

ty (30) days of the entry of this order.

(x) Henry Ihejirika, Ziinet.com, and Frankfort Digital Services, Ltd. are jointly and severally ordered to disgorge $139 of fees received and turn over that $139 in certified funds payable to Christiana Pillot by delivering the $139 to the Office of the United States Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, CA 90017, attn: Ron Maroko, within thirty (30) days of the entry of this order.

(x) The Clerk of the United States Bankruptcy Court is to notify the United States Attorneys Office if the fine payments are not made by the dates set forth in this order and request assistance from the United States Attorneys Office in the collection of the fine.