In re: Melanie Rise HENNERMAN,
SSN: xxx–xx–0778, Debtor.

No. 06–13476 SBB.

United States Bankruptcy Court,
D. Colorado.

Sept. 20, 2006.

William Lambert, Denver, CO, Appearing for Sally Zeman, Standing Chapter 13 Trustee.

Melanie R. Hennerman, Littleton, CO, pro se.

Leo Weiss, Denver, CO, Appearing for United States Trustee.

### ORDER IMPOSING SANCTIONS ON GORDON L. GOOCH d/b/a AMER-ICANBANKRUPTCY.COM

SIDNEY B. BROOKS, Chief Bankruptcy Judge.

This matter came on for hearing, *sua sponte*, on a letter from the Debtor, Melanie Rise Hennerman, (docket # 19), filed with the Court on June 23, 2006. The June 23, 2006 letter, (the "Letter"), alleged

that the Debtor had not received all the documents for which she had contracted with an internet based bankruptcy petition provider, *www.americanbankruptcy.com.* whose principal is Gordon L. Gooch, ("Mr. Gooch"). The Debtor's letter also complains that at least some of the documents that she did receive from Mr. Gooch were not usable. The Debtor initially communicated with Mr. Gooch by electronic mail and later by telephone. The Court is confident that Mr. Gooch is the principal of *www.americanbankruptcy.com* and American Bankruptcy based upon the findings and conclusions discussed below and it will utilize "Mr. Gooch" to refer to Mr. Gooch, American Bankruptcy, and *www.american bankruptcy.com,* collectively.

For the reasons recited herein the Court will impose a judgment for sanctions against Mr. Gooch in favor of the Debtor for her statutory damages. Mr. Gooch is a resident of Park Forest, Illinois, a southern suburb of Chicago within Cook and Will Counties in the state of Illinois. These counties lie within the Eastern Division of the Northern District of Illinois. The Court will also order the Clerk of this Court to send a certified copy of the judgment entered in this matter, in accordance with the requirements of 28 U.S.C. § 1963, to the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Chicago, Illinois.

### I. *Background of Case*

On June 12, 2006, the Debtor filed her present Chapter 13 case. The Debtor had previously filed a Chapter 7 case, *In re Charles V. Hicks, Jr. a/k/a Innovative Home Concepts, Inc. d/b/a Great Western Housing Melanie, LLC and Melanie Riss Hennerman* [1] *a/k/a Innovative Home Con-*

1. The Court is unaware of whether Ms. Hen- nerman's name is properly spelled Melanie

cepts, Inc. d/b/a Great Western Housing Melanie, LLC, Case No. 00–19137 DEC (D.Colo.). The Debtor received a discharge in her prior Chapter 7 case on November 7, 2001 and this case was closed as a "no asset" case on July 19, 2001.

The Debtor is eligible for a Chapter 13 discharge in this case upon the completion of a confirmed Chapter 13 plan. She would be ineligible for a discharge under 11 U.S.C. § 727(a) had she filed her present case as a Chapter 7 case.[2] The Debtor was apparently aware of her ineligibility for a Chapter 7 discharge and sought assistance in filing a Chapter 13 case through the internet.

The Debtor testified that the precipitating cause for filing her current Chapter 13 case was an imminent foreclosure sale on her principal residence. The Debtor located the www.americanbankruptcy.com website, (the "Website"[3]), which advertises a $249.95 fee for preparing the Chapter 13 paperwork for pro se debtors. The Debtor testified that she contacted Mr. Gooch via the Website. The Debtor was informed by Mr. Gooch that her case would be considered an "emergency" filing and therefore the fees charged would be $299.95 rather than $249.95. The Debtor thereafter paid Mr. Gooch the $299.95 fee which had been quoted to her. She was

then given access to internet based software to allow her to enter the information which was necessary to complete the bankruptcy forms.

The Debtor was able to print her Schedules, her Statement of Financial Affairs, proposed Chapter 13 Plan, Form B22C and various exhibits utilizing the Website software. She was not able to print her voluntary petition, the notice required by § 110(b)(1), and, perhaps, some other documents necessary to file her Chapter 13 case. Thereafter, the Debtor contacted Ms. Alexandra E. Jones Nizam[4], a/k/a Alexandria Nizam, a/k/a Alex Nizam, to complete her voluntary petition and the other documents necessary to commence this Chapter 13 case.[5] The Debtor paid Ms. Nizam $275 for the preparation of her petition and other documents, including the preparation of a proposed Chapter 13 plan. Ms. Nizam apparently advised the Debtor that the two proposed Chapter 13 plans prepared by Mr. Gooch were deficient and could not be filed with the Court. Ms. Nizam also prepared a revised Statement of Financial Affairs and Schedules for the Debtor.

The Debtor testified that she received by Priority Mail a signed voluntary petition and the notice required by 11 U.S.C.

Rise Hennerman, as in the present Chapter 13 case, or Melanie Riss Hennerman, as in her prior Chapter 7 case. However, the Debtor's Voluntary Petition lists Case No. 00–19137 DEC as a prior bankruptcy filing and the last four digits of her Social Security Number, i.e., 0778, are the same in both cases.

2. See 11 U.S.C. § 727(a)(8)(2005)(Chapter 7 debtor is ineligible for a Chapter 7 discharge if the debtor has received a Chapter 7 or 11 discharge in a case filed within eight years previous to the filing date in the present case).

3. "Website" is sometimes used in this opinion as synonymous with the bankruptcy prepara-

tion business operated through the www.americanbankruptcy.com website.

4. Ms. Nizam has no affiliation with Mr. Gooch or the Website.

5. Ms. Nizam did not comply with the requirements of 11 U.S.C. § 110(h)(2)(2005). The Court by separate order dated August 11, 2006, docket # 11, ordered Ms. Nizam to file the required disclosure of her compensation. On August 17, 2006, Ms. Nizam filed the required disclosures. The Court is satisfied that the disclosure of the fees charged by Ms. Nizam, $275, has been adequate.

§ 110(b)(1) several days after she had printed out the other documents prepared by the Website software. She did not file this petition or notice with the Court.[6]

The Debtor testified that the Website "guarantees" that the documents prepared by Mr. Gooch will be adequate.[7]

The Court has reviewed Mr. Gooch's draft documents, which were attached as exhibits to the Debtor's July 10, 2006 letter to the Court. It has also reviewed the electronic mail exchanges which were also attached to the July 10, 2006 letter. This review led the Court to conclude that the June 23, 2006 Letter raised justiciable issues. The Court therefore set the August 10, 2006 hearing in this matter.

The Court's June 30, 2006 and July 18, 2006 orders invited Mr. Gooch to participate by phone and ordered him to respond to the Debtor's allegations in the Letter. No response of any kind was received from Mr. Gooch and he failed to appear in any manner for the August 10, 2006 hearing.

The Debtor appeared at the August 10, 2006 hearing and was questioned by Leo Weiss, a trial attorney for the United States Trustee. Mr. Weiss also provided the Court with copies of various downloaded pleadings and docket sheets from other districts for cases and adversary proceedings in which actions were undertaken against Mr. Gooch. The Court admitted these documents into evidence.

**6.** Copies of these documents were filed as exhibits to the Debtor's July 10, 2006 letter to the Court. However, this "filing" was accepted by the Court only as exhibits.

**7.** The Court reviewed a portion of the Website during the hearing but did not take judicial notice of its contents or admit any of its contents into evidence.

**8.** *Jones v. Flowers,* — U.S. —, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006).

**9.** This court has recently held that the actual filing of a document in a bankruptcy case is

## II. *Adequacy of Service*

The Court mailed Mr. Gooch the notices of hearing in this case to the address of 242 Minocqua Street, Park Forest, Illinois via United States Postal Service by "first class" mail. This address was supplied by Mr. Gooch to the Debtor and through the Debtor to the Court. This mail was not returned. The Park Forest address is also the most recent address utilized by various other bankruptcy courts in dealings with Mr. Gooch. In several of the matters discussed below, the Park Forest, Illinois address was "verified" by some of the various Offices of the United States Trustee in dealings with Mr. Gooch. The Court, accordingly, will conclude that Mr. Gooch received these notices.[8]

## III. *Discussion*

### A. Mr. Gooch is a "Bankruptcy Petition Preparer"

The Court finds that Mr. Gooch is a bankruptcy petition preparer. The Debtor's unconverted testimony was that she received a Voluntary Petition form, which Mr. Gooch had signed. This document had been sent by Priority Mail. This document was clearly a "document for filing," as defined by 11 U.S.C. § 110(a)(2), making Mr. Gooch a bankruptcy petition preparer, as defined by 11 U.S.C. § 110(a)(1).[9,10]

not necessary to make a document, a "document for filing" and its preparer a "bankruptcy petition preparer." *In re Duran,* 347 B.R. 760, 764–65 (Bankr.D.Colo.2006).

**10.** The Debtor input most of her own information into the Website software and she printed most of the forms from the website. The documents prepared by this process are nonetheless "documents for filing" and Mr. Gooch's "preparation" of these documents still falls within the ambit of 11 U.S.C. § 110.

## B. Violations of 11 U.S.C. § 110

1. *Advisements under 11 U.S.C. §§ 110(b)(2)*

This case was filed after October 17, 2005. The amendments made to 11 U.S.C. § 110 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")[11] are applicable to this case.

■ The evidence adduced in this case establishes that Gordon L. Gooch is the principal of the Website. If American Bankruptcy, which uses the *www. americanbankruptcy.com* website, is a proprietorship then Mr. Gooch is the "preparer" and must sign each "document for filing" for himself as the alter ego of the Website.[12] If American Bankruptcy is an artificial entity then Mr. Gooch must sign the various documents for filing as an "officer, principal, responsible person, or partner" of American Bankruptcy.[13] Mr. Gooch failed to sign each "document for filing"as required by § 110(b)(1).

■ BAPCPA added certain disclosure requirements to Section 110. Under Paragraph 2 of Subsection § 110(b), a bankruptcy petition preparer must provide a written notice to the "debtor"[14] giving the "debtor" notice that:

(i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advise;

(ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give, in addition to any advice that the preparer may not give by reason of subsection (e)(2); and

(iii) shall—

(I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and

(II) be filed with any document for filing.

It appears that the Debtor may not have received this written notice prior to Mr. Gooch accepting her fee and preparing "documents for filing" for her. Because the evidence on this issue is equivocal and the Debtor testified that she recalled being advised that Mr. Gooch was not an attorney and could not render legal advice the Court will not impose sanctions under this provision. However, should Mr. Gooch prepare documents for filing in this District in the future, he will be required to mail the required signed disclosure form

*Frankfort Digital Services, Ltd. v. Neary (In re Reynoso)*, 315 B.R. 544 (9th Cir.BAP2004); *In re Thomas*, 315 B.R. 697 (Bankr.N.D.Ohio 2004); *In re Pillot*, 286 B.R. 157, 160 (Bankr. C.D.Cal.2002)(Each holding that the principal of a similar internet bankruptcy document preparation website was a "bankruptcy petition preparer").

11. P.L. 109–8 (2005).

12. 11 U.S.C. § 110(b)(1)(A)(2005).

13. 11 U.S.C. § 110(b)(1)(B)(2005).

14. The provisions of 11 U.S.C. § 110(b)(2)(A) cannot be construed to apply only to actual "debtors" under the Bankruptcy Code. This paragraph states that the notice required

must be given "[b]efore preparing any document for filing or accepting any fees from a debtor." At the time that this notice must be given the "debtor" typically will not have filed a bankruptcy case. The term "debtor" must therefore be construed as equivalent to a "prospective client." Presumably some such "debtors" will decide not to engage the services of a bankruptcy petition preparer because the required notice dissuades the prospective client from actually utilizing the preparer's services. The preparer must give the notice required by 11 U.S.C. § 110(b)(2)(A) to all prospective clients because the preparer cannot know in advance which "debtors" will not actually hire the preparer much less actually file a bankruptcy case even if the preparer is hired by the client.

mandated by 11 U.S.C. § 110(b)(2) to clients prior to accepting any fees or preparing any documents for that client.

 BAPCPA enacted both 11 U.S.C. § 110(b)(2) and (e)(2). Subsection 110(e)(2)[15] codifies the case law under both state and federal law which prohibits petition preparers from offering legal advice to clients and, to an extent, provides a codification of "legal advice" for the purposes of bankruptcy law. The written notice requirement of § 110(b)(2) is intended to provide debtors with notice of the limitations on bankruptcy petition preparers as set forth in § 110(e)(2) and other applicable case, statutory and regulatory law. This purpose is not served unless the prospective client receives the § 110(b)(2) advisements prior to engaging or paying the preparer. This objective cannot be achieved unless the advisements are given in a manner which permits the client to review the written notice prior to the engagement. Had Congress intended an oral advisement to be adequate it would not have included the requirement for a written notice. The requirement that both the debtor and the preparer sign the advisement suggests that Congress intended that a record be made that the debtor was actually advised prior to documents being prepared or fees paid. An internet preparer cannot be assured that a prospective client has read or will read the written advisements because there is no personal contact between the preparer's principal and the client. The preparer can only be assured that the client has had the opportunity to review the written advisements if these advisements are supplied to the client in advance of the acceptance of fees and/or preparation of documents.

### 2. Violations of § 110(e)(2)

 Congress partially codified the case law which prohibited bankruptcy petition preparers from rendering "legal advice" in 11 U.S.C. § 110(e)(2)(A). A partial list of proscribed types of "legal advice" is codified in § 110(e)(2)(B). The Debtor's testimony establishes that Mr. Gooch rendered "legal advice" to her in the course of his employment by the Debtor.

The Debtor testified that Mr. Gooch opined that her tax debts would be dischargeable in her case. This advice is within the ambit of prohibited "legal advice." A bankruptcy petition preparer may not give advice about, "whether the debtor's debts will be discharged in a case under this title [title 11, United States Code]." A bankruptcy petition preparer is specifically prohibited from giving clients advice "concerning—... (II) the dis-

---

**15.** Subsection (e)(2) states:

(2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
(B) The legal advice referred to in subparagraph (A) includes advising the debtor—
(i) whether—
(I) to file a petition under this title; or
(II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
(ii) whether the debtor's debts will be discharged in a case under this title;
(iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
(iv) concerning—
(I) the tax consequences of a case brought under this title; or
(II) the dischargeability of tax claims;
(v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
(vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
(vii) concerning bankruptcy procedures and rights.

chargeability of tax claims."[16]

■ The very structure of Mr. Gooch's bankruptcy petition preparer practice inherently violates 11 U.S.C. § 110(e)(2)(B)(vi) and (vii). Under clause (vi) a bankruptcy petition preparer may not advise a client "concerning how to characterize the nature of the debtor's interests in property or the debtor's debts." Clause (vii) prohibits advice "concerning bankruptcy procedures and rights." These clauses are inevitably violated when the bankruptcy petition preparer makes use of bankruptcy form preparation software. These software applications generate forms and cause various fields in those forms to be populated based upon the data input by the typist. The software does not require the person inputting the data to have even a cursory understanding of the "logic" behind the software. This software based automation is inherently "legal advice" by a bankruptcy petition preparer.[17]

■ The preparation of a Form B22C and a Chapter 13 plan involve the interpretation of complex statutes. Where the bankruptcy petition preparer prepares these forms it is virtually inevitable that the preparer cannot avoid giving prohibited "legal advice." Although a preparer could type these documents if the debtor herself had given the preparer drafts, the preparer cannot create *de novo* documents for filing. If the preparer does so then the

preparer is providing prohibited "legal advice."[18]

The Court has periodically compiled statistics about the Chapter 13 process. These statistics consistently show that *pro se* Chapter 13 debtors seldom, if ever, successfully navigate through the statutory and procedural complexities associated with confirming a Chapter 13 plan. The preparation of such plans necessarily requires legal analysis and judgment. The Court has no hesitation in concluding that Mr. Gooch's efforts to prepare two proposed Chapter 13 plans for the Debtor involved giving "legal advice" as prohibited under 11 U.S.C. § 110(e)(2).

The Court concurs with Judge Tighe's conclusion in *Bernales* that the means testing process is one of the most discussed new provisions of the BAPCPA.[19] "Most attorneys do not agree on how this section [11 U.S.C. § 707(b)(2) ] should be applied in practice, and little in the way of judicial interpretation has been issued so far... That a non-attorney not under the supervision of any attorney would consider venturing into this area in any way is extremely disturbing."[20]

■ The prohibition on giving advice, "concerning bankruptcy procedures and rights"[21] is extraordinarily broad. A plain meaning reading of this clause precludes advising debtors about forms, timelines, what may or may not occur in the case, whether debtors might be able to

---

**16.** 11 U.S.C. § 110(e)(2)(B)(iv)(II).

**17.** *In re Gomez*, 259 B.R. 379, 381 (Bankr. D.Colo.2001)(pre–BAPCPA); *In re Bernales*, 345 B.R. 206, 215–16 (Bankr.C.D.Cal. 2006)(post–BAPCPA); *In re Reynoso*, 315 B.R. at 552 (pre–BAPCPA); *In re Thomas*, 315 B.R. 697, 702–03 (Bankr.N.D.Ohio 2004).

**18.** *See In re Bernales*,. at 222–26

**19.** Because this case is a Chapter 13 case rather than a Chapter 7 case the "Means

Testing Form," Form B22A, was not completed. However, the differences between the Form B22C used for calculating "disposable income" for Chapter 13 debtors and Form B22A are modest. The complexity of the two forms is comparable.

**20.** *Id. at* 223–24.

**21.** 11 U.S.C. § 110(e)(2)(B)(vii).

avoid liens under 11 U.S.C. § 522(f)(1), cramdown rights, redemption rights, structuring of Chapter 13 plans, or virtually any other substantive or procedural issue in a consumer bankruptcy. Virtually any exercise of discretion about what to include or not include in the bankruptcy documents, will touch upon a bankruptcy "procedure" or "right." This clause represents a catch-all provision which leaves little room for a bankruptcy petition preparer to do anything beyond the typing and copying tasks discussed in *Gomez* and a myriad of other published and unpublished opinions under pre-BAPCPA law.

Mr. Gooch's actions clearly run afoul of 11 U.S.C. § 110(e)(2)(B)(vii). He drafted two proposed Chapter 13 plans and a Form B22C for the Debtor. He advised the Debtor that the documents she was sent were all the documents that she needed to file her bankruptcy. Mr. Gooch also advised the Debtor of her "rights" with respect to her tax debts. Each of these standing alone would constitute a violation of 11 U.S.C. § 110(e)(2)(B)(vii).[22]

3. *Violations of 11 U.S.C. § 110(f)*

▆ Under 11 U.S.C. § 110(f)(2005) a bankruptcy petition preparer is prohibited from using the words " 'legal' or any similar term in any advertisements, or advertis[ing] under any category that includes the word 'legal' or any similar term." This prohibition has been liberally construed to mandate that "petition preparer advertising must steer clear of any suggestion that the preparer will be offering legal services or insights." [23]

The Debtor testified that the Website and Mr. Gooch "guaranteed" that the forms prepared by them would be accepted by the bankruptcy court in which a client filed a case. The Website name itself, American Bankruptcy, implies that something more than scrivener and copying services will be provided by Mr. Gooch.[24]

▆ The terms "advertisements" and "advertise" must be broadly construed to refer to any communications intended to attract the public's attention for the purpose of informing the public about the advertiser.[25] Mr. Gooch's use of the Website to advertise American Bankruptcy's services falls within the ambit of an advertisement for the purpose of 11 U.S.C. § 110(f).

Mr. Gooch and the Website do not "steer clear of any suggestion that the preparer will be offering legal services or insights." The Court therefore holds that

---

**22.** The Court did not admit into evidence the contents of the Website. The Court did partially review its contents in a cursory manner. Had a considered review of the Website been made and the contents of the Website been admitted into the record, the Court almost certainly would have had even more confidence that Mr. Gooch's activities violate 11 U.S.C. § 110(e)(2) and (f). The Website apparently contains a large number of pages which are held out as offering answers to common questions, *i.e.*, the various "FAQ" pages, on a variety of topics. The "portal" pages on the Website allude to a broad array of legal advice and legal insights which Mr. Gooch is precluded from offering to his clientele.

**23.** *Gomez,* 259 B.R. at 385, *citing, In re Moore,* 232 B.R. 1, 12 (Bankr.D.Maine1999).

**24.** *See* footnote 22 *supra.*

**25.** "Advertise" is defined in *Black's Law Dictionary* as "[t]o advise announce, apprise, command, give notice of, inform, make known publish. To cull to the public attention by any means whatsoever." (5th Ed.1979 p. 50).

"Advertisement" is defined as, "Notice given in a manner designed to attract public attention." *Id.*

Mr. Gooch has violated 11 U.S.C. § 110(f)(2005).

### 4. *Sanctions under 11 U.S.C. § 110(i)*

One of the precipitating causes for the enactment of Section 110 was a pattern of various fraudulent, deceptive and unfair practices by petition preparers.[26] Subsection 110(i) was designed to provide a remedy for many of the problems caused by such practices. This Court recently issued an opinion in which another preparer engaged in some of the classic kinds of fraudulent and deceptive acts which Congress sought to address under Section 110.[27] Mr. Gooch's services have not been marked by the same types of deceit and fraud as addressed by the Court in *Duran* or by this Court's sister courts in opinions such as *Renoyso, Bernales,* and *Pillott.* Nevertheless, Mr. Gooch's activities are within the ambit of the remedies provided by 11 U.S.C. § 110(i).

■■■ BAPCPA significantly amended Subsection 110(i). Relief under the pre-BAPCPA version of § 110(i) required that the case or related proceeding had been dismissed or, alternatively, one or more of the following had to be shown: (1) Negligence by the preparer; (2) Intentional disregard of the Bankruptcy Code and/or the Federal Rules of Bankruptcy Procedure; (3) A specific violation of Section 110; or (4) A "fraudulent, unfair or deceptive act." The pre-BAPCPA version of § 110(i) also required that the bankruptcy court refer the matter to the district court. As revised, the bankruptcy court is empowered to impose damages under Subsection 110(i) for any violation of Section 110 or if the preparer, "commits any act that the court finds to be fraudulent, unfair or deceptive." The BAPCPA amendments also legislatively overruled case law that had required an adversary proceeding or civil suit to be filed to obtain relief under Subsection 110(i).

■■■ The violations set forth above establish a sufficient predicate for awarding damages under Subsection 110(i) as "preparer violations" of the provisions of 11 U.S.C. § 110. The Court will also find that Mr. Gooch, by holding himself and the Website out as "guaranteeing" the acceptability of forms and offering legal advice[28] to the Debtor, has committed a fraudulent, deceptive and unfair act. The Website and Mr. Gooch deceive the public and prospective clients into believing that the "non-lawyer/non-attorney" advice and services offered through the Website will enable them to successfully navigate through the dangerous and complex labyrinth of bankruptcy law and procedures. It is particularly deceptive and unfair to imply in any manner that the preparer has sufficient expertise to complete forms, such as the Debtor's proposed Chapter 13 plans and her Form B22C when the most seasoned and competent bankruptcy attorneys and the courts are themselves struggling to address the myriad of issues present in even relatively uncomplicated post-BAPCPA cases. Even if the advice offered is accurate, the preparer's acts deceive the client into believing that the preparer is competent to provide services and advice that, as a matter of law, the preparer cannot provide.

Mr. Gooch is not qualified to prepare Chapter 13 bankruptcy documents for filing. The local rules, policies and proce-

---

**26.** 140 Cong. Rec. H 10,770 (October 4, 1994).

**27.** *In re Duran,* 347 B.R. 760 (Bankr.D.Colo. 2006).

**28.** This "legal advice" is discussed within and includes opinions about the dischargeability of the Debtor's tax debts. The accuracy of the advice is irrelevant.

dures associated with Chapter 13 cases vary dramatically from district to district and within each district from judge to judge. It is inherently fraudulent, deceptive and unfair for Mr. Gooch and his cohorts to delude and deceive the public by offering to provide assistance with the Chapter 13 process. Each division of this Court employs somewhat different procedures for the confirmation process. Each judge strives to fine tune these processes to better meet the requirements of the post-BAPCPA Chapter 13 process. It can be a challenge for seasoned local consumer bankruptcy attorneys to keep abreast of these practices and procedures.

Mr. Gooch cannot keep abreast of and comply with the practices and procedures for each of the hundreds of judges in the almost ninety judicial districts in which Mr. Gooch apparently offers services. Even if this were possible, Mr. Gooch would be barred from utilizing this expertise without running afoul of the prohibitions contained in 11 U.S.C. § 110(e)(2) and other applicable law.[29]

Mr. Gooch and the Website deceive the public by holding themselves out as guaranteeing that the forms they prepare are all of the forms needed in a bankruptcy or that these forms are "adequate." There is no "standard" package of forms that will work in every case or every district. It is inevitable that some debtors will not find these forms to be sufficient. The preparer cannot know whether the debtor will require further documents to be prepared to address unforeseen issues that may arise in the case. The preparer cannot know whether the debtor will need to respond to motions for relief from stay, whether valuation issues will arise with secured claims, whether the amount of claims are correct, whether motions to avoid liens under 11 U.S.C. § 522(f)(1) are necessary, the ex-

tent to which Domestic Support Obligations will complicate the plan process or the otherwise presage the issues which will actually arise in a client's case.

Mr. Gooch and his cohorts deceive their clients into believing that the preparation of a routine forms package will insure clear sailing through the Chapter 13 plan confirmation process. The Chapter 13 plan confirmation process is fraught with complications which arise out of the pervasive need to amend proposed Chapter 13 plans to address issues raised by the Standing Chapter 13 trustee, the Court, creditors and other parties in interest in the case. Additionally, the Chapter 13 process is fraught with the need to change proposed Chapter 13 plans. Such changes may result from changes in the debtor's situation. Debtors can have valuation, lien and other legal issues decided against them. Their income can change unexpectedly. Frequently, debtors simply change their mind about some aspect of their plans, e.g., whether or not to retain or surrender encumbered property. Moreover, court orders granting relief from stay or imposing adequate protection requirements can further complicate the final provisions of a plan.

Besides complex issues, bankruptcy petition preparers, such as Mr. Gooch, are not qualified to handle the most routine bankruptcy matters. Petition preparers cannot offer the expertise needed for these issues regardless of their knowledge because these activities are prohibited as a matter of law. Even routine Chapter 13 cases can be complex and each case requires individualized analyses throughout its course.

Chapter 13 bankruptcy should not be undertaken lightly by debtors. Any representations by a preparer suggesting that

---

29. *See* 11 U.S.C. § 110(k).

the preparer can shepherd a debtor through the Chapter 13 process is indubitably "fraudulent, unfair and deceptive." The severity of harm to prospective debtors is amplified where petition preparers' representations are made via an internet website which cannot consider the individual attributes which factor into the wisdom of selecting an appropriate remedy for a debtor's financial woes. Bankruptcy is an ill suited remedy for many debtors. Chapter 13 is suitable only for a small portion of those debtors for whom bankruptcy is an efficacious remedy.

Bankruptcy is not a panacea for financial problems. Petition preparers, like Mr. Gooch, amplify the hazards of bankruptcy for prospective debtors. Bankruptcy can, and often does, present unappreciated risks to debtors. Debtors can lose their homes and other property. Debtors' unwise pre- and post-petition acts can lead to the denial of their discharge or the dischargeability of particular debts or even criminal prosecution. The risk of these adverse consequences is multiplied when debtors do not receive proper counseling and guidance from trained professionals who are qualified and legally permitted to provide such services.

BAPCPA makes it even less likely that bankruptcy petition preparers provide adequate assistance to unsophisticated debtors. BAPCPA added a myriad of new pitfalls and hazards to the bankruptcy process. The BAPCPA mandates for pre-petition credit counseling,[30] post-petition education,[31] the filing of pay advices and tax returns,[32] and quick performance of "intentions"[33] are but a few of these new hurdles for consumer debtors. Cataclysmic outcomes such as the dismissal of the case[34], the non-entry of a discharge or the loss of property can result from the debtor's failure to surmount these hurdles. BAPCPA also limits the ability of the debtor to file a subsequent Chapter 13 case to "fix" the problems which may have resulted from errors and omissions in a prior case.[35]

The Court has no hesitation in finding that Mr. Gooch has violated 11 U.S.C.

30. 11 U.S.C. § 109(h).

31. 11 U.S.C. § 727(a)(11).

32. 11 U.S.C. § 521(a)(1)(B)(iv) & (v).

33. 11 U.S.C. § 521(a)(6).

34. BAPCPA makes the dismissal of a case, other than under 11 U.S.C. § 707(b), much more consequential than it had been prior to BAPCPA. If a debtor files a bankruptcy case or an involuntary case is filed against the debtor within a year of a prior case having been pending, the automatic stay is limited to thirty days "with respect to the debtor" unless the debtor obtains an order of the court, after notice and hearing, to extend the stay, 11 U.S.C. § 362(c)(3). If a debtor files a bankruptcy or an involuntary case is filed against the debtor and two or more cases have been pending during the a year preceding the filing date in the current case, the automatic stay does not go into effect at all unless a party in interest files a successful motion, almost immediately after filing, requesting that a stay be entered by the Court. 11 U.S.C. § 362(c)(4). These statutory limitations on the stay, at a minimum, impose additional expense on the debtor and, at worst, can deny the debtor effective bankruptcy relief.

35. Debtors' ability to file and prosecute so called "Chapter 20" and "Chapter 26" cases, in which a debtor files a Chapter 13 case shortly after obtaining a discharge in a prior case, has been curtailed under 11 U.S.C. § 1328(f), as amended. Under the amended statute a debtor may not receive Chapter 13 discharge if the debtor had obtained a discharge under Chapter 7, 11, or 12 in a case filed less than four years prior to the current case, § 1328(f)(1), or if the debtor had obtained a Chapter 13 discharge in a case less than two years prior to the current case. Prior to BAPCPA a Chapter 13 discharge could be obtained even if the debtor had received a discharge the same day as the filing date in the current case.

§ 110(i) under all the circumstances of this case.

The Court will construe the Debtor's letters to the Court and United States Trustee's prosecution of issues before the Court as meeting the motion requirement of Subsection 110(i). Under this subsection the Debtor is entitled to her actual damages,[36] $2,000 in statutory damages,[37] and her costs in moving for damages under Subsection 110(i).[38]

The Debtor's actual damages, as adduced at hearing, are $275, *i.e.*, the cost of paying Ms. Nizam to prepare the forms actually filed with the Court. The Court will also award the Debtor $25 as an estimate of the Debtor's cost of attending the hearing. Accordingly, judgment will enter in favor of the Debtor and against Mr. Gooch in the amount of $2,300 under 11 U.S.C. § 110(i).

### 5. *Remedial Sanctions Under 11 U.S.C. § 110(j)*

Subsection 110(j) was intended to provide an injunctive remedy to prospectively address abusive conduct by petition preparers. The predicate acts for enjoining Mr. Gooch under 11 U.S.C. § 110(j) exist. This court is not the first court to address Mr. Gooch's non-compliance with 11 U.S.C. § 110 and other applicable law. However, as set forth below, Mr. Gooch has not brought himself into compliance with the mandates of Section 110, despite proceedings and sanctions in other jurisdictions. Indeed, his email to the Debtor in this case, which is part of the record as an exhibit to the Debtor's July 10, 2006 letter to the Court, displays an intransigent attitude which is disrespectful of the Debtor and the state and federal courts that have taken actions against him. This opinion, and an additional sanctions award, standing alone, appear to have little prospect of curtailing Mr. Gooch's improper acts. The Court will nevertheless enjoin Mr. Gooch from directly or indirectly practicing bankruptcy petition preparation in Colorado. Additionally, the Court will set forth findings of fact and conclusions of law which may enable appropriate agencies, *e.g.*, United States Trustee Program, and appropriate federal courts, to fashion a more effective remedy.[39]

### C. *Sanctions and Other Remedies*

On July 10, 2006, the Debtor sent this Court a letter which included a number of attachments. One of these was an email from Mr. Gooch to the Debtor dated June 13, 2006 which states, in part,

If you file a dispute for payment, I will fight you all the way to my grave.

If you then use any of the documents we prepared, I will personally file a charge of willful and malicious fraud against you in the bankruptcy court. There is nothing wrong with the documents and nothing is missing. You don't understand what you are talking about. If there are problems with the documents, you must get that determination from the court, not from a paralegal or yourself.

You cannot abuse or cheat people this way. I am 66 years old and don't tolerate this kind of criminal misbehavior anymore.

This letter is consistent with the attitude reflected in the Mr. Gooch's email to Mr. Lamkin and his letter to the New Mexico

---

36. 11 U.S.C. § 110(i)(1)(A).

37. 11 U.S.C. § 110(i)(1)(B)(i).

38. 11 U.S.C. § 110(i)(1)(C).

39. The Appendix to this Order sets forth the various actions in which Mr. Gooch was the subject of litigation.

Bankruptcy Court in *Miller.*[40] In each of these cases Mr. Gooch has reacted to allegations of misconduct with broadside attacks on the integrity of his clients, the Bankruptcy Courts, the State Courts, the United States Trustee Program and the Bankruptcy Administrators. He has apparently failed to pay any of the judgments for disgorgement of fees and fines.

The various bankruptcy courts have had a modest impact on Mr. Gooch's practice. The United States Trustee has informed the Court that the website contains pages which indicate that Mr. Gooch no longer will prepare bankruptcy documents for filing in Arizona, North Carolina, South Carolina, the Southern District of Texas and the Western District of Texas.[41] This list of jurisdictions in which Mr. Gooch does not offer services is a subset of the jurisdictions in which he has been sanctioned and/or enjoined. However, piecemeal injunctions and fines have not been effective at deterring Mr. Gooch's misfeasance and obstreperous defiance of the mandates of the United States Bankruptcy Code, the United States Bankruptcy Courts, and applicable state statutes governing unauthorized practice of law. He is unresponsive to client complaints about the quality of his document preparation services even while "guaranteeing" their quality.

This Court has no confidence that the sanctions and damages awards it enters today will be paid or the injunction issued by the Court will be honored. Indeed, the Court suspects that Mr. Gooch will continue his misfeasance and disregard for applicable law even if a nationwide injunction is entered in *Lamkin* on September 28, 2006. The Court will therefore order that a certified copy of this opinion and the judgment entered in conjunction therewith be sent by the Clerk of this Court to the Clerk of the United States Bankruptcy Court for the Northern District of Illinois; 219 South Dearborn; Chicago, Illinois 60604 with a request that the judgment be registered as a judgment of that court under 28 U.S.C. § 1963.

The Court is seeking the assistance of the Chicago Bankruptcy Court because Mr. Gooch is a resident of the Eastern Division of the Northern District of Illinois and is therefore more easily subjected to legal process in that district.[42] It is also possible that the Illinois state authorities may be inclined to pursue appropriate actions against Mr. Gooch.

### D. *Application of 11 U.S.C. § 110(l)(2) To Fines*

■ BAPCPA added 11 U.S.C. § 110(*l*)(2) as a means to address problems caused by bankruptcy petition preparers whose acts could be viewed as a fraud on debtor clients and the bankruptcy courts. Under this paragraph the maximum statutory fines of $500 per violation can be trebled upon a showing that the preparer engaged in one of these fraudulent acts. Under 11 U.S.C. § 110(*l*)(2)(D) the court is required to treble the fines assessed under § 110(*l*)(1) if the court finds that the bankruptcy petition preparer, "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."

■ The documents prepared by Mr. Gooch were attached as an exhibit to the

---

40. Appendix at vi.

41. *See, e.g.,* http://am ericanbankruptcy.com/ch13doandnodo.html

42. *E.g.,* Fed.R.Bankr P. 9016, *applying.* Fed.R.Civ.P. 45(b)(2) restricts service of a subpoena to the boundaries of the judicial district or "within 100 miles of the place of the deposition, hearing, trial, production or inspection specified in the subpoena."

Debtor's July 13, 2006 letter to the Court. The response to Question 9 on the draft Statement of Financial Affairs prepared by Mr. Gooch discloses that he was paid $299.95 for the Debtor's "emergency filing." However, Mr. Gooch did not execute the bankruptcy preparer affidavit on the voluntary petition form. The other draft documents prepared for filing by Mr. Gooch remove the certifications which bankruptcy petition preparers are to execute. It therefore appears that Mr. Gooch or his agent has modified the Best Case® software in manner which omits these certifications which are part of the Official Forms for the Statement of Financial Affairs (Official Form 7), Schedules (Official Form 6), and the Statement of Intent (Official Form 8). This action, standing alone, indicates an intent to conceal the identity of Mr. Gooch from the Court. Cause for the trebling of fines therefore exists under 11 U.S.C. § 110(l)(2)(D).

The Court will therefore impose fines against Mr. Gooch and in favor of the United States Trustee Program as follows:

1. For Mr. Gooch's failure to sign the documents prepared for filing as required by § 110(b)(1): $1,500;

2. For Mr. Gooch's failure to provide the Debtor with the notice required by § 110(b)(2): $1,500;

3. For Mr. Gooch's failure to disclose his Social Security Number on the documents prepared by him for filing with this court: $1,500 (§ 110(c)(1));

4. For Mr. Gooch's providing legal advice in violation of § 110(e)(2): $1,500;

5. For Mr. Gooch's advertising legal services which he is not authorized to provide in violation of 11 U.S.C. § 110(f)(1), $1,500;

6. For Mr. Gooch's failure to file a statement disclosing his compensation in accordance with 11 U.S.C. § 110(h)(2), $1,500; and therefore,

Sanctions shall be awarded in favor of the United States Trustee Program and against Mr. Gooch in the total amount of $9,000.

### E. *Recap of Statutory Damages*

An award of statutory damages shall be entered against Mr. Gooch and in favor of the Debtor in the amount of $2,300.[43]

### F. *Injunction*

Under 11 U.S.C. § 110(j)(3) a bankruptcy court may enter an injunction on the motion of the United States Trustee if a preparer has failed to comply with a previous order issued under "this section." *i.e.,* 11 U.S.C. § 110. Nothing within paragraph § 110(j)(3) requires that the prior order be in the same case or even the same district. The litany of cases discussed above, pleadings and docket sheets from which were made part of the record in this case, disclose Mr. Gooch's repeated failure to comply with prior orders under 11 U.S.C. § 110. An injunction will therefore enter prohibiting Mr. Gooch from directly or indirectly preparing any document for filing in the District of Colorado in any case under title 11, United States Code.

A certified copy of this opinion and the associated judgment shall be sent by the Clerk of this Court to the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

### APPENDIX

The United States Trustee provided the Court with copies of various pleadings and docket sheets in cases in which Mr. Gooch was the subject of litigation concerning his

---

**43.** *See* discussion at pp. 10–13, *supra.*

activities as a bankruptcy petition preparer. A summary of these actions follows:

### Designated Adversary v. O'Connor (Adv. Pro. 03–00741 CGC Bankr.D.Ariz.2003)

On August 25, 2003, the Court issued a *sua sponte* show cause order directed to various petition preparers who had not been certified as legal document preparers by the Arizona Supreme Court, as required by General Order 89 of the United States Bankruptcy Court for the District of Arizona. On September 24, 2003, a second *sua sponte* show cause order issued asking a second group of uncertified preparers to show cause. Mr. Gooch was a named defendant in the second order to show cause.

Mr. Gooch and others were ordered to appear in the Bankruptcy Court on October 23, 2003. Mr. Gooch failed to appear on October 23, 2003. He was enjoined from performing petition preparation services in the District of Arizona in an order mailed to him on November 6, 2003. Another enjoined preparer appealed that order. On March 24, 2004 the United States District Court for the District of Arizona affirmed the Bankruptcy Court injunction.

### Simmons v. Gooch (In re Woody) Adv. Pro 03–04077 (Bankr.S.D.Tx., Houston Division)

On October 23, 2003, the United States Trustee, Richard Simmons for Region 7, brought an action against Gordon L. Gooch individually and d/b/a/ American Bankruptcy. The complaint in that action averred that Mr. Gooch violated 11 U.S.C. § 110(b)(1) and (c)(1) by failing to sign the documents he had prepared for filing by the Mr. Woody. It further averred that Mr. Gooch violated the provisions of 11 U.S.C. § 110(h)(1)(2004) by failing to file a fee disclosure statement in the Woody bankruptcy case. The United States Trustee alleged that Mr. Gooch's activities constituted the unauthorized practice of law. The Complaint sought damages of not less than $3,000 and injunctive relief enjoining further violations of 11 U.S.C. § 110(b)(1), (c)(1), and (h)(1) [44] and, pursuant to 11 U.S.C. § 110(j)(2)(B) permanently enjoining Mr. Gooch from acting as a petition preparer in the Southern District of Texas.

On May 24, 2004, the Bankruptcy Court entered a judgment on the United States Trustee's motion for default judgment in favor of the United States Trustee and against Mr. Gooch for $3,000 in fines under 11 U.S.C. § 110(b)(2) and (c)(2). Mr. Gooch was permanently enjoined from acting as a bankruptcy petition preparer in the Southern District of Texas, under 11 U.S.C. § 110(j), and permanently enjoined from engaging in the unauthorized practice of law, under Tex.Govt.Code.Ann. §§ 81.101 and 81.102.

### McDow v. Gooch (In re Miller) Adv. Pro. 04–80040–JW (Bankr.D.S.Car.)

On February 24, 2004, Clarkson McDow, the United States Trustee for Region 4, brought an adversary proceeding against Gordon L. Gooch d/b/a americanbankruptcy.com and d/b/a American Bankruptcy. The complaint in that adversary proceeding alleged that Mr. Gooch had: 1) Engaged in the unauthorized practice of law "in the bankruptcy area"; 2) That he had violated 11 U.S.C. § 110(f)(1)(2004) by the use of the words "legal," "paralegal" and similar terms in advertisements; 3) Had

---

44. Simmons is a pre-BAPCPA case, 11 U.S.C. § 110(h)(1)(2004) was recodified as § 110(h)(2)(2005).

charged an excessive fee to debtor clients in South Carolina; and 4) That Mr. Gooch's conduct merited enjoining him from acing individually or through another entity as a bankruptcy petition preparer.

As in the other adversary proceedings, Mr. Gooch failed file any responsive pleading. On April 5, 2004, a default judgment was entered in favor of the United States Trustee for Region 4 and against Mr. Gooch. The Court made findings of fact and conclusions of law holding that Mr. Gooch had violated the provisions of 11 U.S.C. § 110 by, *inter alia:*

A. Using various unofficial forms and questionnaires;

B Deciding where the debtors' responses to these unofficial forms and questionnaires should be entered on the Official Forms;

C. Advising debtors under which chapter of the Bankruptcy Code they should file bankruptcy;

D. Selecting the forms to be used by the debtors;

E. Advising the debtors regarding and legal ramifications of exemptions in their potential bankruptcy case;

F. Providing legal advice and assistance to debtors about their case;

G. Certifying and insuring that "all necessary forms and documents will be provided";

H. Representing that he is qualified to prepare the debtors' "bankruptcy packages";

I. Holding himself out as a paralegal specializing in bankruptcy petition preparation;

J. Using the terms "legal" and "paralegal" in violation of 11 U.S.C. § 110(f)(1)(2004); and

L. Charging excessive fees for bankruptcy petition preparation.

The Court found that Mr. Gooch had engaged in "fraudulent, unfair and deceptive" practices by:

A. His use of the terms "legal" and "paralegal" in advertising his services;

B. Representing that he was "qualified" to prepare the bankruptcy packages and that he was available to provide "toll-free telephone support" to his customers during their bankruptcies;

C. Representing himself as a "paralegal (non-lawyer) association specializing in the electronic preparation" of bankruptcy petitions; and

D. Misrepresenting his experience and education as a bankruptcy petition preparer.

The Court ordered Mr. Gooch to disgorge all fees paid in the Miller case and permanently enjoined Mr. Gooch from acting as a bankruptcy petition preparer. The Court also enjoined Mr. Gooch from "assisting or supporting any entity or individual in the bankruptcy petition preparer business." The Court's order does not restrict the scope of the injunction to the District of South Carolina.

### *In re McLaughlin, Case No. 04–50766– RBK (Bankr.W.D.Tex. San Antonio Division)*

The Court issued a *sua sponte* order to show cause to Mr. Gooch on March 23, 2004 ordering him to appear and respond to the Court's concerns about: 1) The precise type of assistance given the debtor; 2) The reasonableness of the fees charged; 3) Whether the services provided constituted the unauthorized practice of law; 4) Other purported violations of 11 U.S.C. § 110; and 5) Whether Mr. Gooch should be held in contempt of a prior order. Mr. Gooch failed to appear or respond to the order to show cause.

On April 30, 2004,the Court entered a default judgment against Mr. Gooch. The Court found that Mr. Gooch had:

A. Advised persons concerning the filing of Chapter 7 cases;

B. Advised and assisted persons in their selection of exemptions;

C. Advised persons concerning what property and debts should be listed in their bankruptcy documents and solicited information from them for reformulation into the bankruptcy documents;

D. Advised debtors about whether debts were secured, unsecured or priority debts;

E. Defined legal terms for clients such as "executory contracts," "leases," "exemptions," and "reaffirmation";

F. Directed persons to portions of applicable statutes or other legal materials for the explanation of exemptions, how to schedule property and what will likely happen in a bankruptcy case;

G. Collected fees for acts and conduct constituting unauthorized practice of law; and

H. Given advice and rendered services which require legal skill or knowledge.

The Court required Mr. Gooch to disgorge all fees paid to him by Mr. McLaughlin. An permanent injunction was entered which enjoins Mr. Gooch from rendering legal advice in or acting as a petition preparer in the Western District of Texas by any means including the use of emails and the internet.

### In re Fields, case No. 05–52264– RBK (Bankr.W.D.Tex., San Antonio Division)

Mr. Gooch failed to comply with the injunction in the *McLaughlin* case and on May 5, 2005, the Court ordered Mr. Gooch to show cause in the *Fields* case. As in *McLaughlin,* Mr. Gooch failed to appear or respond. The Court found Mr. Gooch had once again violated 11 U.S.C. § 110. Mr. Gooch was ordered to disgorge all fees in the case. The Court once again entered a permanent injunction barring Mr. Gooch from providing bankruptcy petition preparation services in the Western District of Texas. A fine of $1,000 was ordered to be paid for Mr. Gooch's violations of 11 U.S.C. § 110, which was apparently also entered, in part, for Mr. Gooch's violation of the *McLaughlin* injunction. Mr. Gooch was specifically advised that a further violation of the injunctions in the *McLaughlin* and *Fields* cases might result in his incarceration.

### In re Medley, Case No. 05–12299 (Bankr.M.D.N.C., Greensboro Division)

The Bankruptcy Administrator requested the Court to issue an order to show cause requiring Mr. Gooch to show cause why he should not be sanctioned under 11 U.S.C. § 110 (2004), why the Bankruptcy Court should not certify the matter to the District Court, and why Mr. Gooch should not be referred to the Guilford County District Attorney for criminal prosecution for the unauthorized practice of law in the State of North Carolina.

On November 10, 2005, the Court issued an opinion [45] entering a default judgment against Mr. Gooch under which Mr. Gooch:1) Was fined for various violations of 11 U.S.C. § 110; 2) Ordered to disgorge the fee paid by the Medleys; 3) Permanently enjoined from preparing any documents for filing in the Middle District of North Carolina; and 4) Referred to the Guilford County District Attorney's Office

**45.** Reported at 2005 LEXIS 2290 (Bankr. M.D.N.C. Nov. 10, 2005).

for possible prosecution for the unauthorized practice of law. The Court found that virtually any act beyond acting as a scrivener and copyist was "unauthorized practice of law" in North Carolina, that offering services constituting "unauthorized practice" was a "fraudulent, unfair and deceptive practice" under Section 110(i). The Court found that contracts to provide legal services by non-attorneys were *void ab initio* and therefore Mr. Gooch was entitled to no fees for his services.

### In re Hickman, Case No. 05–69732 (Bankr.N.D.Ohio. Eastern Division)

On January 11, 2006, the Court issued a *sua sponte* order requiring Mr. Gooch to show cause why he should not be sanctioned for his failure to comply with 11 U.S.C. § 110(b)(1) & (c)(1).[46] On February 24, 2006, the Court issued a memorandum opinion reducing Mr. Gooch's compensation to $125.00 from $249.95. Sanctions totaling $150 were also imposed for Mr. Gooch's failure to sign the bankruptcy documents which he had prepared for filing, for his failure to affix his Social Security Number to those documents and for his failure to file a fee disclosure statement under 11 U.S.C. § 110(h)(1)(2004). The Court also found that, under F.R.Bankr.Pro. 1006, Mr. Gooch could not be paid even the $125.00 until the Debtor had paid his filing fee in full.

The Court found that under Ohio law, "typing is the *only* service that can legally be provided by petition preparers. (*Emphasis in original* ) Any advice or explanation given, no matter how small, regarding

bankruptcy matters or other legal issues is the practice of law. Thus when filling out a petition the petition preparer may only be compensated for the act of typing since any input into what to include in the petition, where to place it or how to phrase the inclusion is the practice of law. The petition proper cannot suggest the chapter, or explain or instruct as to the forms or any bankruptcy or non-bankruptcy legal concept. The petition is a legal instrument and its preparation, other than the menial task of typing, requires knowledge of bankruptcy and state property law. (*Citation omitted* ) Thus, petition preparers are limited to providing services that are physical labor. They may haul the lumber and leave it where directed but may not lift a hammer or saw or even select the board to be used. In other words—they may type as instructed.." *slip op. at* p. 2.

Mr. Gooch failed to pay the sanctions or disgorge his fee and a second show cause order was issued on April 11, 2006 requiring Mr. Gooch to show cause why further sanctions should not be imposed upon him. Mr. Gooch failed to file any responsive pleading or appear at the show cause hearing. As a result, additional sanctions of $20 per day were imposed by Judge Kendig in a May 15, 2006 Order.

### In re Miller, Case No. 06–10335–JSS (Bankr.D.N.M.)

On March 24, 2006, the Court issued an order to show cause to Mr. Gooch requiring him to show cause why he should not be sanctioned for failing to file a mailing list for the case and fee disclosure statement, under 11 U.S.C. § 110(h)(1)(2004). On March 28, 2006, Mr. Gooch wrote a letter to the Hon. James S. Starzynski,

---

**46.** The Order to Show Cause alludes to two additional issues. Mr. Gooch apparently did not file a fee disclosure statement under 11 U.S.C. § 110(h)(1)(2004) and the documents filed with the Court were faxed to the Debtor. Apparently the filing of faxed documents is not permissible in the Canton, Ohio Bankruptcy Court.

United States Bankruptcy Judge, in the *Miller* case which was intended to be his response to the Court's order to show cause. Mr. Gooch asked the Court to "replace" the originally filed Voluntary Petition in the *Miller* case with an Amended Voluntary Petition which did not include his disclosures as a bankruptcy petition preparer. Mr. Gooch alleged that had not collected any fee nor had he been promised any fee in the *Miller* case. The letter was docketed by the Court on March 31, 2006.

The letter illustrates Mr. Gooch's antagonism to the bankruptcy courts, the United States Trustee Program and 11 U.S.C. § 110. Mr. Gooch alleged in the letter that his inclusion of his personal information in the Debtors' voluntary petition:

> ... has led the Trustee/Court to sally forth with an attempt to bludgeon me into financial ruin with the federal sledgehammer and to fatten the "trustee enforcement fund" with an anticipated windfall bounty for heinous activity, committed by the document preparer, of preparing emergency documents for a hard-pressed citizen without charging for my services.

> A proper reading of Section 110(a)(1) would make clear that in this instance, as a preparer, I do not fall into subjection to this statute, nor the purvey (*sic.*) of the bankruptcy court, by the often constitutionally questionable interpretation of this statute by certain judicial officials.

> . . . . .

> I hope this [*i.e.,* the filing of an amended petition in the case] will end this unjust judicial/trustee assault upon my life, my reputation and my finances.

On April 3, 2006, the Court conducted a hearing on the order to show cause. The Court ordered the case dismissed due to the lack of a mailing list, Mr. Gooch's failure to file his 11 U.S.C. § 110(h)(2)(2005) fee disclosure, and also because the Millers were ineligible for a discharge under 11 U.S.C. § 1328(f). The Court did not enter a sanctions order or order disgorgement. The Court also did not substitute the Amended Voluntary Petition for the originally filed voluntary petition.

Mr. Gooch's comments in his letter to the Court are in a similar vein to those made in Mr. Gooch's email to the Debtor in this case.

### *In re Hepburn, Case No. 06–40002–JTL (Bankr.M.D.Ga., Columbus Division)*

On March 20, 2006 the Standing Chapter 13 Trustee sent a letter to the United States Trustee for Region 21 indicating that the Debtor has used the services of J & L Enterprises and Mr. Gooch as bankruptcy petition preparers. The Standing Chapter 13 Trustee also gave the United States Trustee copies of an advertisement by J & L, a Western Union receipt for the funds sent to J & L in Florida, and a copy of a Post–It® note with Mr. Gooch's name and Park Forest, Illinois address. J & L markets itself as a "foreclosure consultant." J & L apparently then employed Mr. Gooch to prepare Hepburn's bankruptcy documents for filing with the Bankruptcy Court.

On May 26, 2006, the United States Trustee filed her motion for an order to show cause directed at J & L and Mr. Gooch. That motion alleged that Mr. Gooch and J & L had violated 11 U.S.C. § 110 by: 1) Failing to execute the appropriate signature blocks, including the preparers' Social Security numbers; 2) Their failure to file appropriate disclosure of their fees under 11 U.S.C.

§ 110(h)(2)(2005); and 3) By offering inappropriate legal advice. The motion informed the Court of four prior injunctions against Mr. Gooch as a bankruptcy petition preparer.

On August 21, 2006, the Court issued its order granting a default judgment against J & L and Mr. Gooch and imposing sanctions on them. The Court found violations of 11 U.S.C. § 110(b)(1)(requirements for preparers to sign documents), § 110(b)(2)(failure to execute an Official Form 19 concerning the limitations on practice by a non-attorney bankruptcy petition preparer), § 110(c) (Failure to affix their Social Security Numbers); and § 110(e)(2)( providing legal advice). J & L and Mr. Gooch were jointly fined $3,000 for these violations. They were also jointly and severally ordered to disgorge the $800 paid by the Debtor. Mr. Gooch was enjoined from filing any more documents in the Middle District of Georgia.

### In re Hupp, Case No. 06–00198–B7 (Bankr.S.D.Cal.)

On June 6, 2006 the United States Trustee for Region 15 filed his motion for an order imposing sanctions on Mr. Gooch. The motion alleged a number of violations of 11 U.S.C. § 110 which are consistent with Mr. Gooch's conduct in the other cases discussed herein.

The motion alleged that Mr. Gooch had:

A. Failed to sign the Petition, Statement of Financial Affairs, Schedules, Statement of Intent, and Notice to Individual Consumer Debtors under § 342(b);

B. Failed to disclose his Social Security Number on any documents filed with the Court;

C. Failed to provide the Notice to Debtor by Non–Attorney Bankruptcy Petition Preparer ("Official Form 19B");

D. Mr. Gooch had modified the various Official Forms which he prepared for filing with the Bankruptcy Court to remove the bankruptcy petition preparer's certification and signature blocks; and

E. Failed to file his statement disclosing his compensation as required by 11 U.S.C. § 110(h)(2)(2005).

The motion also sought to impose treble sanctions, i.e., $1,500 per violation, because the intentional omission of the various bankruptcy petition preparer certifications. This omission was asserted to be cause for such trebling.[47]

Total sanctions of $5,000 were prayed for in the motion, i.e., the maximum statutory fine permitted under the facts of the case.

On July 17, 2006, the Court entered a memorandum order awarding sanctions totaling $5,000. The Order does not discuss Mr. Gooch's conduct in detail.

### United States Trustee v. Gooch (In re Lamkin) Adv. Pro. 06–4157 -dml (Bankr.N.D.Tex., Ft Worth Division)

The United States Trustee for Region 6 commenced this adversary proceeding on June 19, 2006. The complaint in the case alleges that Mr. Gooch:

A. Violated 11 U.S.C. § 110(e)(2) and other applicable law by giving legal advice to Lamkin including:

i. Advising him whether or not to schedule bank accounts with zero or small balances;

ii. Advising him whether to select State or Federal exemptions;

---

47. 11 U.S.C. § 110(1)(2)(D).

iii. Advising him regarding what property he might be able to retain after discharge;

iv. Advising him about what would occur at the § 341 meeting of creditors;

v. Advising the Debtor that a co-debtor on a credit card did not need to be scheduled; and

vi. Including Frequently Asked Questions, ("FAQs"), on the Website.

B. Told the Debtor that if the Debtor discovered any mistake in his bankruptcy documents that he should not mention this to the Chapter 7 trustee appointed in the case;

C. Omitted a federal student loan debt from the Debtor's prepared Statistical Summary of Debts form even though the Debtor's questionnaire had listed this loan; and

D. Provided Lamkin with poor quality bankruptcy documents. After Lamkin discovered many errors and omissions in the documents prepared by Mr. Gooch he incurred $182.60 in additional filing fees, postage and copy expenses to correct these problems.

The complaint alleges that when Lamkin advised Mr. Gooch about the problems that Lamkin had run into with the bankruptcy documents prepared by Mr. Gooch, Mr. Gooch replied that he would: file a federal lawsuit against Lamkin and cause Lamkin's bankruptcy discharge to be denied.[48]

The complaint sought a judgment for: 1) Disgorgement of the fees paid, 2) A fine of $5,000 for Mr. Gooch's violations of 11 U.S.C. § 110(e)(2); 3) A nationwide injunction against Mr. Gooch from acting as a bankruptcy petition preparer; 4) An order directing Mr. Gooch to remove the FAQs from the Website; and 5) Permanently enjoining Mr. Gooch from reporting any similar information on the Website.

On August 21, 2006, the Clerk of the Court entered a default against Mr. Gooch in the *Lamkin* adversary. On August 23, 2006, the United States Trustee filed his motion for a default judgment against Mr. Gooch in the *Lamkin* adversary. The hearing on that motion for default judgment has been set for September 28, 2006.

---

48. Lamkin's affidavit alleges that Mr. Gooch "told me that he had been doing this kind of work for 30 years, he was judgment proof and even if sued, had no assets that could be found and levied on so I would be wasting my time if I did complain." (Lamkin Affidavit ¶ 10).