**In re Monica R. GOMEZ, SSN 523–57–5266, Debtor.**

**No. 00–17455 MSK.**

United States Bankruptcy Court, D. Colorado.

Feb. 20, 2001.

William E. Zurinkskas, Boulder, CO, for Debtor.

M. Evan Sweet, Denver, CO, for Colorado Law Works, Inc., d/b/a Eagle Paralegals, LTD, Page Arnold and Candace Arnold.

### ORDER CERTIFYING VIOLATION OF 11 U.S.C. § 110 BY BANKRUPTCY PETITION PREPARER

MARCIA S. KRIEGER, Chief Judge.

THIS MATTER came before the Court on November 29, 2000, and December 11, 2000, for an evidentiary hearing on the Debtor's Motion Under Section 110 (Motion). The issue presented was whether petition preparers Colorado Law Works, Inc., d/b/a Eagle Paralegals, LTD, Page Arnold, and Candace Arnold violated 11 U.S.C. § 110(b), (c), (f), (h) or (i). At such hearings, the Debtor was represented by William E. Zurinskas. Colorado Law Works, Inc., d/b/a Eagle Paralegals, LTD, Page Arnold and Candace Arnold were represented by M. Evan Sweet. Having considered the evidence presented and the legal arguments made by counsel, the Court

FINDS and CONCLUDES as follows:

### I. JURISDICTION

This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334(a) and the Order of the United States District Court for the District of Colorado referring bankruptcy cases to this Court. The matter would be a "core" matter pursuant to 28 U.S.C. § 157(b)(2)(A) absent specific provisions of the Bankruptcy Code requir-

ing certification to the United States District Court.

In matters involving bankruptcy petition preparers, 11 U.S.C. § 110(i)[1] compels the Bankruptcy Court to certify factual findings that a bankruptcy petition preparer has violated other provisions of § 110. Section 110 further provides that the United States District Court shall impose a fine (of not more than $500.00) against the petition preparer for each violation and, upon motion of the trustee, debtor or creditor it may order the petition preparer to pay the debtor actual damages, the greater of $2,000.00 or twice the petition preparer's fees, and reasonable attorneys fees and costs. The Debtor, Monica Gomez, has requested an award of damages.

The following constitute the factual findings and legal conclusions made by this Court that Colorado Law Works, Inc., d/b/a Eagle Paralegals, LTD, Candace Arnold and Page Arnold have violated the provisions of 11 U.S.C. § 110.

### III. FACTUAL FINDINGS

1. Colorado Law Works, Inc. (Colorado Law Works) is a closely held Colorado corporation. Candace and Page Arnold are its sole officers, directors, shareholders and employees. Colorado Law Works conducts a business of preparing various legal documents. For preparation of bankruptcy petitions, schedules and statements of affairs (bankruptcy documents) it operates under the trade name Eagle Paralegals, LTD.[2] Candace Arnold is a paralegal[3] who prepares bankruptcy documents for individuals desiring to file Chapter 7 bankruptcy cases. Ms. Arnold uses a bankruptcy computer program which generates a questionnaire which the prospective debtor completes. Based on the information input by Ms. Arnold from the complet-

ed questionnaire, the program prepares bankruptcy documents which substantially conform to the official bankruptcy form petition, schedules and statements of affairs. Page Arnold works as the office manager and secretary. He answers telephone calls, schedules appointments and meets with prospective debtors. At such a meeting, the prospective debtor is provided with a disclosure which states that Colorado Law Works, d/b/a Eagle Paralegal, LTD, is not an attorney and does not provide legal services. After obtaining a signature on the disclosure, Mr. Arnold then provides the prospective debtor with the questionnaire, reviews responses, answers questions and supplies information about the bankruptcy process and how bankruptcy law applies to the individual's circumstances. For general information, such as what is a secured or unsecured debt or whether a prospective debtor should file for relief under Chapter 7 or Chapter 13, Page Arnold refers the prospective debtor to a collection of legal materials maintained in the offices of Colorado Law Works. The materials have been selected by the Arnolds from internet web sites and published and unpublished sources. Some questions, such as the exemptions to which an individual may be entitled, are answered directly by Page Arnold, or he may refer the prospective debtor to counsel.

2. Colorado Law Works owns the telephone number 303–274–1558, which it uses to advertise in the U.S. West Dex Metro Denver Yellow Pages Directory November 1999–2000 issue. The advertisement offers "Affordable Document Preparation" and "Low Cost Bankruptcy" by "fast paralegal or attorney service." Despite reference to "attorney service," Colorado Law Works does not employ nor have any for-

---

1. Unless otherwise designated, future references to statutory provisions are to Title 11 of the United States Code.

2. After the 1994 Amendments to the Bankruptcy Code, and discussion with representatives of the United States Trustee's Office, the Arnolds adopted Eagle Paralegals, LTD as its name for bankruptcy matters.

3. She testified that she has been "certified," but no further evidence of her certification was presented.

mal relationship with any licensed attorney. Ms. Arnold does not work under the supervision or review of any licensed attorney.

3. Using its trade name, Eagle Paralegals, LTD, Colorado Law Works and Candace Arnold prepared the bankruptcy petition, schedules and statements of affairs filed by Monica Gomez in this case. Initially, Page Arnold answered a telephone call from Monica Gomez and scheduled an appointment with her. At the appointment, he provided her with general information relating to various aspects of bankruptcy law and bankruptcy procedure and obtained her signature on Colorado Law Works' disclosure. He gave her the questionnaire, reviewed her responses, assisted her in filling out portions of the questionnaire, asked further questions and modified her responses. In particular, he advised her to increase her listed expenses to match her income and inquired about the ownership of her motor vehicle, which her mother was using, and about her use of and payment of amounts owed on her mother's car. In response to her question about what property she could keep if she filed for bankruptcy, Ms. Gomez recalled that Mr. Arnold told her that he had been in the business a long time and therefore believed that "they would go after her car." When she asked why "they would go after her car," she was told that "people in power can do that." He advised her about the exemptions to which she would be entitled under Colorado law, and expressed concern about the available exemption for her motor vehicle. He told her that the law had recently changed and he was not sure of the exemption amount. He suggested that she consult with an attorney. When she declined, Page Arnold contacted an attorney, obtained pertinent information and later called Ms. Gomez with the information.

4. Candace Arnold used Ms. Gomez' questionnaire to enter information into the computer program and thereby prepared the bankruptcy petition, schedules and statements of affairs for Ms. Gomez. Where the information on the questionnaire was incomplete or the questionnaire did not provide information required by the bankruptcy forms, Candace Arnold or the computer program unilaterally inserted information in the bankruptcy documents without consultation with Ms. Gomez. For example, the questionnaire did not ask how long Ms. Gomez had resided in the district of Colorado, which information is pertinent to the venue for filing a bankruptcy case. Ms. Arnold assumed that Ms. Gomez had resided in Colorado for six months or the longer portion thereof and therefore selected Colorado. Ms. Arnold or the computer program also selected the exemptions to be claimed and determined that all of Ms. Gomez' debts were unsecured and unliquidated without any information from Ms. Gomez. Finally, although the questionnaire asked for ownership of some personal property, it did not refer specifically to government or corporate bonds and other negotiable instruments (Statement of Affairs, Schedule B No. 14) or alimony/support (Statement of Financial Affairs, Schedule B No. 16). Although Ms. Gomez was never asked to supply information as to these items, Ms. Arnold or the computer program filled out the statement of financial affairs to reflect that she had no interest in such assets.

5. Candace Arnold signed the bankruptcy documents which she prepared for Ms. Gomez and printed her name, address and Social Security Number on such documents. However, the bankruptcy documents included no reference to Page Arnold, Colorado Law Works or Eagle Paralegal, LTD, their addresses or identifying numbers. According to the Arnolds, this practice was approved by the United States Trustee's Office.

6. For preparation of the bankruptcy documents, Ms. Gomez paid a fee of $199.00. Colorado Law Works mailed the documents to Ms. Gomez and she filed them with the Bankruptcy Court on June 26, 2000. Ms. Gomez has received a dis-

charge. The deficiencies or inaccuracies contained in the documents prepared for her have not resulted in any delay or cost to her.

### III. ANALYSIS

 Section 110 of the Bankruptcy Code regulates the conduct of bankruptcy petition preparers. A bankruptcy petition preparer is defined to be "a person, other than an attorney or an employee of an attorney, who prepares for compensation" a "petition or other document ... for filing by a debtor in the United States Bankruptcy Court...." 11 U.S.C. § 110(a)(1), (2). A person is defined by the Bankruptcy Code as an individual, partnership or corporation. 11 U.S.C. § 104(41). Applying these definitions, both Colorado Law Works, Inc. and its employee, Candace Arnold, are bankruptcy petition preparers. Page Arnold is not a petition preparer because he prepared no document filed in this case. However, as an owner and employee of Colorado Law Works, his actions are imputable to Colorado Law Works.

The Debtor, Ms. Gomez, alleges that Colorado Law Works, Candace Arnold and Page Arnold have violated numerous provisions of § 110. Each will be dealt with in turn.

### A. Sections 110(b) and (c).

 First, the Debtor alleges that Colorado Law Works violated §§ 110(b)(1) and (c)(1), which are independent statutory requirements. Section 110(b)(1) requires that a petition preparer print its name and address, and sign all bankruptcy documents. Section 110(c)(1) further requires that the petition preparer disclose an identifying number defined as the preparer's Social Security Number with the signature.

The bankruptcy documents in this case reveal Candace Arnold's name, address, signature and Social Security Number, which satisfies §§ 110(b)(1) and (c)(1) as to her. However, there is no disclosure that Ms. Arnold was employed by and acting on behalf of Colorado Law Works doing business as Eagle Paralegals, LTD. Colorado Law Works could not have complied with § 110(c) because this statutory provision makes no reference to an identifying number to be used by a corporation and, as a corporation, it has no Social Security Number. Thus, the only violation is of § 110(b)(1) by Colorado Law Works for its failure to sign the document and print its name and address thereon.

 Section 110(b)(2) requires that a petition preparer be fined for every failure to comply with § 110(b)(1), unless the failure is due to reasonable cause. Both Page and Candace Arnold testified that they used the trade name Eagle Paralegals, LTD for Colorado Law Works, Inc. and did not list either Colorado Law Works, Inc. or Eagle Paralegals, LTD on the bankruptcy documents after consultation with a representative of the United States Trustee's Office in 1994. The United States Trustee has not sought judicial review of this practice. Furthermore, the requirement of § 110(c)(1), requiring the disclosure of the petition preparer's Social Security Number implies that the disclosures on bankruptcy documents must be made only by individuals, rather than partnerships or corporations.

Although it is the view of this Court that §§ 110(b)(1) and (c)(1) should be read as independent requirements, the ambiguity of the statute and the United States Trustee's tolerance of the practice used by Candace Arnold constitute reasonable cause for the violation of § 110(b)(1) by Colorado Law Works d/b/a Eagle Paralegals, LTD in this case. However, for all cases filed after the date of this Order in which Candace Arnold prepares bankruptcy documents as an employee of Colorado Law Works, Inc. the identity of Colorado Law Works, Inc. or Eagle Paralegals, LTD and its address must be disclosed on all bankruptcy documents.

## B. Section 110(f).

■ The Debtor next complains that Colorado Law Works and Candace Arnold violated § 110(f)(1), which prohibits a bankruptcy petition preparer from using the word "legal" or "any similar term" in an advertisement, and from advertising under any category that includes "legal" or a similar term. Pursuant to § 110(f)(2), each violation subjects a petition preparer to a fine of not more than $500.00. This is a strict liability provision; the statute contains no "reasonable cause" exception.

■ The purpose of this statutory provision is to protect the public from the false impression that a bankruptcy petition preparer may provide any legal service or advice. The House Report on the Reform Act of 1994 observed:

> While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside of the bankruptcy system. H.R. REP. No. 40–41, 103rd Cong. (2nd Sess. 1994); 140 CONG. REC. 10770 (daily ed. Oct. 4, 1994).

Congress' clear intent was that § 110 authorize bankruptcy petition preparers to provide only scrivener services, limited to clerical services such as copying and typing. *See, e.g., In re Farness*, 244 B.R. 464, 467 (Bankr.D.Idaho 2000); *In re Guttierez*, 248 B.R. 287, 288 (Bankr.W.D.Tex.2000).[4]

4. Section 110 was "critically needed ... to confront the large scale fraudulent conduct of those who prey on the poor and unsophisticated." *Jeter v. U.S. Trustee (In re Adams)*, 214 B.R. 212, 218 (9th Cir. BAP 1997) (*quoting* 140 CONG. REC. § 14597 (Oct. 7, 1994)). Unfortunately, many paralegals continue to give improper legal advice which often causes harm to the unwary consumer and places a day-to-day administrative burden on the

■ Colorado Law Works violated § 110(f)(1) in several respects. First, although it does not list its name, it advertises its phone number under the category "attorneys" in the U.S. West Dex Yellow Pages Directory 1999–2000 edition. In such advertisement it also uses the words "paralegal" and "attorney." In addition, any use of the trade name Eagle Paralegals, LTD to advertise by letterhead, brochures, answering the telephone, or in communications with prospective debtors also violates this section. The name itself incorporates the proscribed term "legal" and connotes specialized legal expertise or knowledge. Petition preparer advertising must steer clear of any suggestion that the preparer will be offering legal services or insights. *In re Moore*, 232 B.R. 1, 12 (Bankr.D.Maine 1999). Section 110(f) is designed to ensure that debtors understand exactly what they will and will not receive from bankruptcy petition preparers. *In re Farness*, 244 B.R. 464, 468 (Bankr.D.Idaho 2000). The use of the word "paralegal" violates the letter and spirit of § 110(f).

## C. Section 110(h).

■ Next, the Debtor complains that Candace Arnold and Colorado Law Works violated § 110(h). Section 110(h)(2) prohibits a petition preparer from charging an excessive fee. Although the parties acknowledge the fee charged for bankruptcy document preparation services was $199.00, no evidence was presented to establish that such fee was excessive.

## D. Section 110(i).

Finally, the Debtor argues that the course of conduct of Colorado Law Works,

courts, trustees, and United States Trustee's office. *Id.* Section 110 is a consumer protection device designed to provide a remedy against the "growing number of non-attorneys who were rendering quasi-legal (and legal) services in bankruptcy cases to the detriment of both the bankruptcy system and the consuming public." *In re Guttierez*, 248 B.R. 287, 297 (Bankr.W.D.Tex.2000).

Inc., d/b/a Eagle Paralegals, LTD, Page Arnold and Candace Arnold was fraudulent, unfair and deceptive. 11 U.S.C. § 110(i). The Debtor contends that Page and Candace Arnold were engaged in the unauthorized practice of law in violation of COLO. REV. STAT. § 12–5–101.

The Court recognizes that under Colorado law, Candace Arnold is not a licensed professional and may not engage in paralegal work absent supervision by an attorney. But it is not necessary, nor is it appropriate, for this tribunal to determine whether her actions, or those of Page Arnold and Colorado Law Works, constitute the unauthorized practice of law. Such determination is best left to the state regulatory body charged with enforcement of such Colorado law. A copy of this decision will be transmitted forthwith to the Unauthorized Practice of Law Committee of the Supreme Court of the State of Colorado for its review and appropriate action.

Regardless of whether the practices of the Arnolds and Colorado Law Works violate Colorado law, the Court concludes that their practices in this case were not authorized by § 110 and were unfair and deceptive. The Arnolds' counsel correctly observes that there is a pronounced need for low cost legal assistance for debtors. The cost of legal services exceeds what many debtors can pay, and debtors who proceed without counsel often make unwise legal decisions. Nevertheless, a petition preparer is limited by § 110 to copying and typing bankruptcy documents. A petition preparer may not assist a debtor in determining what information should be included on such documents or offer any information or advice as to what the law is or how it applies to the debtor's circumstances. For a petition preparer to offer legal expertise or to provide legal information, analysis or advice is patently unfair and deceptive to debtors.

The provision of legal services, especially in bankruptcy which is governed by a complex statute, requires legal training and the assurance of comprehensive, competent representation that only a licensed attorney can provide. Adequate legal representation requires familiarity with bankruptcy law and its interplay with state law, as well as the ability to discern the client's objective and to determine whether and how state and bankruptcy law apply. An attorney may consult a variety of legal resources in order to analyze legal issues and their likely outcome, and may prepare bankruptcy documents utilizing computer programs or the assistance of paralegals or other clerical staff. But, all phases of analysis and document preparation, including resort to reference and document preparation resources, require the attorney's legal knowledge, skill and experience. Use of outside resources requires the attorney to assess the degree to which such resources are comprehensive, accurate, up-to-date and suitable for the client's needs. Reliance on support staff presumes the attorney's supervision and review. Ultimately, the attorney is obligated to provide and the debtor is entitled to receive competent legal representation which includes compensation for any deficiencies in outside resources or personnel which the attorney employs.

The Arnolds' intent to provide comprehensive, high-quality services to Ms. Gomez and other individuals they have assisted is commendable in the abstract, but the services they provided are not permissible under § 110. Candace Arnold's qualifications as a paralegal do not expand the scope of services she can provide, nor does the disclosure that Colorado Law Works is not an attorney and cannot give legal advice protect Colorado Law Works and Candace Arnold from sanctions under § 110. *In re Moore*, 232 B.R. 1, 9 (Bankr.D.Maine 1999).

The test of whether a petition preparer exceeds the scope of § 110 depends upon what the preparer does. If the petition preparer does anything more than copying or typing information written by prospective debtors on official bankruptcy

forms, then the petition preparer exceeds the authority of § 110.

█ In assisting Ms. Gomez and other prospective debtors, Colorado Law Works, Candace Arnold and Page Arnold greatly exceeded the authority of § 110. They compiled a select library of legal information which they endorsed by providing it to those who visited their offices.[5] They used a bankruptcy computer program to prepare bankruptcy documents which utilized a questionnaire to gather certain information.[6] They relied upon the program's determination of the information necessary to prepare bankruptcy documents and, where the information was inadequate, either allowed the computer program to automatically supply the information or supplied it themselves.[7] In addition, Page Arnold reviewed the Debtor's questionnaire, assisted her in providing additional information, corrected and revised her information and advised her concerning the automobile exemption. When the Debtor did not consult with an attorney, he consulted with an attorney and relayed the information to her.[8]

█ In essence, Page Arnold, Candace Arnold and Colorado Law Works have provided incomplete and diluted legal services. They have advertised Candace Arnold's training as a paralegal, implying that potential debtors will receive the benefit of legal expertise, knowledge and skill which she is neither licensed in Colorado[9] nor authorized by § 110 to provide.

Then by using a patchwork of legal resources, reference to years of legal experience and a computer program, they embellish the illusion that prospective debtors receive the essential legal assistance necessary to obtain bankruptcy relief. This makes the disclosure to Ms. Gomez that Colorado Law Works is not an attorney and cannot provide legal advice particularly deceptive and misleading. The Arnolds simultaneously dispense advice which has potentially profound consequences while attempting to disclaim any responsibility for the advice given. *In re Moore*, 232 B.R. 1, 9 (Bankr.D.Maine 1999). The reality is that neither Colorado Law Works nor the Arnolds are authorized to provide

---

5. Giving prospective customers an information sheet explaining the differences between Chapter 7 and Chapter 13 constitutes the practice of law. *In re Kaitangian*, 218 B.R. 102, 110 (Bankr.S.D.Col.1998); *see also In re Moore*, 232 B.R. 1, 8 (Bankr.D.Maine 1999).

6. Several courts have determined that the use of practice aids such as computer programs by petition preparers constitutes the unauthorized practice of law. *In re Farness*, 244 B.R. 464, 471 (Bankr.D.Idaho 2000); *In re Kaitangian*, 218 B.R. 102, 110 (Bankr.S.D.Cal.1998). Indeed, the use of a questionnaire to gather information which is then inserted into the official forms through the use of a computer program or by regular typing has itself been characterized as the practice of law. *In re Moore*, 232 B.R. 1, 8 n. 11 (Bankr.D.Maine 1999) (*citing Hastings v. U.S. Trustee (In re Agyekum)*, 225 B.R. 695, 702 (9th Cir. BAP 1998)).

7. By selecting to list all of the Debtor's obligations as unsecured, they provided legal advice. *In re Kaitangian*, 218 B.R. 102, 112 (Bankr.S.D.Cal.1998); *In re Moore*, 232 B.R. 1, 8 (Bankr.D.Maine 1999).

8. "Advising of available exemptions from which to choose, or actually choosing an exemption for the debtor with no explanation, requires the exercise of legal judgment beyond the capacity and knowledge of lay persons." *In re Kaitangian*, 218 B.R. 102, 110 (Bankr.S.D.Cal.1998) (*citing In re Herren*, 138 B.R. 989, 995 (Bankr.D.Wyo.1992); *In re McCarthy*, 149 B.R. 162, 166 (Bankr.S.D.Cal. 1992); *In re Webster*, 120 B.R. 111, 113 (Bankr.E.D.Wis.1990)); *see also In re Moore*, 232 B.R. 1, 8 (Bankr.D.Maine 1999).

9. Colorado recognizes only one licensed provider of legal services—an attorney. Paralegals may provide legal services only under the direction and supervision of an attorney. *See, for example, People v. Fry*, 875 P.2d 222 (Colo. 1994) (attorney censured for allowing the paralegal to handle a chapter 13 bankruptcy proceeding without any supervision). *See also Smith v. Furlong*, 976 P.2d 889, 890 (Colo.Ct.App.1999) (*pro se* litigant who claimed to be a paralegal was not entitled to award of attorney fees because "he was not an attorney, nor was he working under the direction and control of a licensed attorney.").

388

the services they advertise and because they are not attorneys and are not supervised by attorneys, they provide fragmented and incomplete legal assistance, the inadequacies of which are not readily apparent to debtors such as Ms. Gomez. The practices of Colorado Law Works, Candace Arnold and Page Arnold are not only unauthorized, they were, in this case, unfair and deceptive.

## IV. ORDER

The foregoing factual findings and legal conclusions are **HEREBY CERTIFIED** to the United States District Court for the District of Colorado. This Court recommends that the bankruptcy petition preparers, Colorado Law Works, Inc. and Candace Arnold, each be fined for violation of 11 U.S.C. § 110(f)(1) and that Colorado Law Works, Inc., Candace Arnold and Page Arnold be subject to sanctions as specified in 11 U.S.C. § 110(i) for engaging in unfair and deceptive acts.