MEMORANDUM *
Xyris Enterprise, Inc. et al., appeal the district court’s orders granting Edgardo Seminiano’s motion for summary judgment and awarding him attorney’s fees. We have jurisdiction under 18 U.S.C. § 1291 and now reverse and remand.
The district court granted summary judgment based on Seminiano’s unanswered request for admissions. The defendants’ lawyer declared under penalty of perjury that she did not receive the re *736 quest. The court held that “a simple denial of receipt is insufficient to rebut the presumption of receipt created by a properly addressed proof of service.” Seminiano v. Xyris Enter., Inc., CV 10-1678-JST (JEMx), 2011 WL 165877, at *3 (Jan. 18, 2011). We disagree with that categorical proposition. A proof of service is a sworn declaration giving rise to a presumption of receipt, but, depending on the circumstances, that presumption can be rebutted by a credible sworn declaration of non-receipt.
Our holding in In re Bucknum, 951 F.2d 204 (9th Cir.1991), is not to the contrary. In Bucknum, we held that a declaration of non-receipt could not overcome the presumption of receipt for documents sent by a court. Id. at 206-07. Here, the document was allegedly sent by an adverse party, and the mailing was evidenced by nothing more than opposing counsel’s own declaration. Maybe the district court has good reason to doubt the truthfulness of defendants’ lawyer’s declaration. We hold only that Bucknum did not compel the district court to automatically find counsel’s declaration of non-receipt insufficient as a matter of law.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.