

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGARDO SEMINIANO,

          Plaintiff - Appellee,

   v.

XYRIS ENTERPRISE, INC.; et al.,

          Defendants - Appellants.

No. 13-56133

D.C. No. 2:10-cv-01673-JST-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted May 7, 2015[**]
Pasadena California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

   Xyris Enterprise, Inc. et al. (collectively "Xyris"), appeal the district court's

summary judgment in favor of Edgardo Seminiano in his action under the Fair

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Labor Standards Act ("FLSA") and the California Labor Code. We have jurisdiction under 18 U.S.C. § 1291 and we affirm.

We had previously reversed the district court's order in favor of Seminiano. We held that *In re Bucknum*, 951 F.2d 204 (9th Cir. 1991), did not compel the district court to automatically find insufficient as a matter of law defense counsel's declaration of non-receipt of Seminiano's unanswered request for admissions. *Seminiano v. Xyris Enter., Inc.*, 512 Fed. App'x 735, 736 (9th Cir. 2013).

We now hold that the district court accurately complied with our mandate upon remand. After a review of the record, the district court found defense counsel's sworn declaration of non-receipt insufficient based on two subsequent occasions where Defendants were reminded of the outstanding unanswered requests for admission and the circumstances surrounding Defendants' avoidance of discovery. These factual findings are not clearly erroneous. *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002).

Furthermore, the district court did not abuse its discretion in failing to set aside Xyris's admissions by default pursuant to Fed. R. Civ. P. 36(b) because Xyris failed to make a proper motion. *Cf. Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *Carney v. IRS* (*In re Carney*), 258 F.3d 415, 419 (5th Cir. 2001) ("[A] deemed admission can only be withdrawn or amended by motion in

accordance with Rule 36(b).")).  Even if Xyris had filed the proper motion, we would affirm the district court's conclusion.  Although upholding the admissions would practically eliminate any presentation on the merits, the record demonstrates Xyris ignored repeated reminders of the request for admissions, failed to show good cause for its failure to respond, and that Seminiano relied on these admissions for about two months prior to filing his motion for summary judgment.  *Cf. id.* at 624 (finding prejudice, in part, because nonmoving party relied on admissions for two and a half months) (citing *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002) (finding no prejudice, in part, because Perez had relied on the admissions for only six days)).

The record also supports the district court's denial of Seminiano's request to settle and dismiss his FLSA claims.  FLSA claims may not be settled without approval of either the Secretary of Labor or a district court.  *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013) (citing 29 U.S.C. § 216(c)).  Here, the district did not err in denying dismissal of the FLSA suit because a "legal assistant," who had worked for Xyris in the past, assisted Seminiano in drafting his letter to the district court requesting dismissal without the presence of counsel from either side.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–54 (11th Cir. 1982) ("[T]o approve an 'agreement'

between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.") (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945) and *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946)).

Finally, the district court did not abuse its discretion in awarding attorneys' fees under the FLSA. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004). In light of our decision, we need not reach the question whether the case should be reassigned to a different district judge.

**AFFIRMED.**