
**ORDERED PUBLISHED**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                  )     BAP No.   CC-16-1172-KiFPa
                                        )
HALINA WOJCIK,                          )     Bk. No.   6:16-13228-SHY
                                        )
                Debtor.                 )
                                        )
_____        )
                                        )
MAGDELENA STRICKLAND,                   )
                                        )
                Appellant,              )
                                        )     **O P I N I O N**
v.                                      )
                                        )
U.S. TRUSTEE,                           )
                                        )
                Appellee.               )
_____        )

Submitted Without Oral Argument
on November 17, 2016

Filed - November 30, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott H. Yun, Bankruptcy Judge, Presiding

Appearances:     Appellant Magdelena Strickland, pro se, on brief;
                 Russell Clementson on brief for appellee, the U.S.
                 Trustee.

Before:   KIRSCHER, FARIS and PAPPAS,[1] Bankruptcy Judges.

_____

[1]   Hon. Jim D. Pappas, Bankruptcy Judge for the District of Idaho, sitting by designation.

KIRSCHER, Bankruptcy Judge:

Appellant Magdelena Strickland, a bankruptcy petition preparer[2] ("BPP"), appeals an order granting the motion of the U.S. Trustee ("UST") under § 110[3] to disgorge her petition preparation fees and to impose fines and damages, totaling $2,650. We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. How Debtor and Strickland met

The facts are mostly undisputed. Strickland does not have a law degree, she is not an attorney and she does not work under the supervision of an attorney. She and her husband, who is also not an attorney, own and operate "Low Cost Paralegal Services" ("LCPS"), a sole proprietorship, in Las Vegas, Nevada. LCPS is registered with the Nevada Secretary of State as a document preparation service. Strickland holds an Associate of Arts degree in Paralegal Studies and worked as a paralegal for law firms before starting her business in 2009. Strickland confirmed that despite her legal training, LCPS operates solely as a document preparation service and thus is not required to work under the supervision of a licensed attorney.

Chapter 7 debtor Halina Wojcik ("Debtor") contacted LCPS for preparation of her chapter 7 bankruptcy petition. Debtor lives in

---

[2] Strickland does not dispute that she is a bankruptcy petition preparer as defined in § 110(a).

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

California. She found Strickland and her bankruptcy petition preparation services through LCPS by searching on the internet using the word "paralegal." Strickland maintains a website, www.lowcostparalegalsolutions.com, at which she promotes her business. LCPS's website's home page reads: "Low Cost Paralegal Services — The Lower Cost Alternative to Attorney Document Preparation." It also reads: "If a [sic] issue ever arises, please feel free to contact our paralegal for immediate resolution." Finally, the website reads:

> Knowing the difficulty of determining the procedure for various legal actions for those not immersed in the legal system, we have enjoyed being able to assist others helping to locate and generate the paper work required for various legal actions.

> While the State of Nevada prohibits paralegals from providing legal advice, in many cases the only assistance needed is with the preparation of the documents and filing; and for that purpose Low Cost Paralegal Services is honored to be able to assist. We pride ourselves on the work that has been and is being completed, on a daily basis.

Shortly after viewing the website, Debtor called LCPS and spoke with Strickland. Strickland informed Debtor over the phone that she was not an attorney but could help her prepare and file her bankruptcy documents. Strickland sent Debtor a questionnaire to complete and return. Debtor completed the questionnaire and faxed a copy back to Strickland. A few days later, Debtor met with Strickland at her office in Las Vegas to sign her bankruptcy documents. Debtor also executed a Document Preparation Services Agreement, which stated in several places that LCPS and Strickland were not able to give legal advice and could not accept money for legal advice, and that any information provided through LCPS could not be used for legal advice. Debtor paid LCPS $125 for preparing

-3-

her bankruptcy documents and $25 for requesting a credit report.

**B.    The UST's motion under § 110**

In her chapter 7 bankruptcy petition and statement of financial affairs, Debtor identified Strickland as the non-attorney she paid to assist her in filling out her bankruptcy forms. Strickland confirmed her role as Debtor's BPP in the (1) Disclosure of Compensation of BPP (Form 2800) and (2) the Declaration and Signature of the BPP (Form 119).

The UST moved under § 110(f), (h), (i) and (*l*) to disgorge Strickland's fee of $125,[4] impose damages of $2,000 and fine her $500 on the basis that Strickland violated § 110(f) by using the word "legal" in advertising her business. The UST points out that Strickland used the word "paralegal": (1) in connection with the services she provided to Debtor; (2) in the name of her business; (3) in the web address used by Strickland to promote her business; and (4) in the web pages describing the services performed by her business, including bankruptcy services. The UST contended that this use violated the strict liability provisions of § 110(f). The UST argued that Strickland's use of the term "paralegal" left the impression that a debtor using her services would be receiving the equivalent of attorney or legal services but at a lower cost, not only the typing services permitted for BPPs. The UST argued that Strickland's violation of § 110(f) subjected her to actual damages to Debtor for the amount of her fee and the $2,000

---

[4] The amount Debtor paid to Strickland was reported as $125 in the Disclosure of Compensation and as $150 in Question 16 of Debtor's Statement of Financial Affairs. The UST initially sought disgorgement of the $125 fee. However, in his reply brief he requested that the entire $150 paid to Strickland be disgorged.

mandated under § 110(h)(3)(B) and (i)(1), and a fine of $500 payable to the UST under § 110(*l*)(1). A hearing was set for May 26, 2016.

Strickland opposed the UST's motion. She admitted to using the word "paralegal" in advertising her business, but argued that no lay person would believe LCPS was anything more than a document preparation service, especially when considering the disclosures she makes in person and on the phone with clients, in her email tags, in her client agreements, on signs posted in her office, and on her website stating that she is not an attorney and that neither she nor LCPS can offer any legal advice or legal services. For example, two signs with 12" letters posted in the LCPS office state: "I AM NOT AN ATTORNEY IN THE STATE OF NEVADA. I AM NOT LICENSED TO GIVE LEGAL ADVICE. I MAY NOT ACCEPT FEES FOR GIVING ADVICE." Strickland further argued that her business name did not use the word "legal" solely on its own, and thus would not give a lay person the impression that the office is a legal service or gives legal advice. Because Strickland was unable to travel to California for the hearing, she requested to appear by telephone, asking that the court contact her at the number provided.

In reply, the UST argued that Strickland's disclaimers of not offering legal services or legal advice did not excuse her prohibited use of the word "legal" in her advertising. In fact, argued the UST, by repeatedly using the word "paralegal" and promoting her experience levels, Strickland had knowingly embellished the illusion to her clients that they will receive the

-5-

essential legal assistance necessary to obtain bankruptcy relief.[5]

The hearing went forward on May 26, 2016. When entering appearances, the bankruptcy court inquired if anyone for Strickland was on the phone; no one was there. Acknowledging that Strickland had asked to appear by telephone, the court noted that although it has a liberal policy on telephonic appearances, which is posted on the court's website, Strickland needed to contact Court Call in order to appear by phone; the court was not going to go outside its own procedure to call Strickland for the hearing.

In reviewing the merits of Strickland's opposition, the court opined that it was not convincing. Strickland admitted to the UST's central allegation, that she is "advertising legal or paralegal services." In ruling in favor of the UST, the court stated:

> So my tentative ruling is to grant the motion. Disgorge the fee of $150. Statutory damages of [$]2,000 and fine of [$]500.
>
> . . . .
>
> So, I am granting the motion as set forth in the motion. And the only variance is the, I'm not granting the additional $500 in fine that the U.S. Trustee requested [in his reply for the unauthorized practice of law].

Hr'g Tr. (May 26, 2016) 3:8-10, 4:14-16.

The bankruptcy court entered an order in accordance with its oral ruling on June 17, 2016. This timely appeal followed.

---

[5] In his reply, the UST added a claim against Strickland under § 110(e)(2) for the unauthorized practice of law based on Strickland's alleged "choosing" of Debtor's exemptions as under § 322 instead of § 522. Strickland argues on appeal that this was a typographical error. In any event, the bankruptcy court declined to consider the UST's added claim for lack of notice to Strickland and did not award any damages on that basis. Therefore, we do not address Strickland's arguments on this issue.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

A. Did the bankruptcy court violate Strickland's procedural due process rights by not telephoning her for the hearing?

B. Did the bankruptcy court err in finding that Strickland violated § 110(f) or abuse its discretion by ordering disgorgement and imposing statutory damages and fines?

## IV. STANDARDS OF REVIEW

Whether procedures used by the bankruptcy court violated an individual's due process rights is a mixed question of law and fact that we review de novo. Wilborn v. Gallagher (In re Wilborn), 205 B.R. 202, 206 (9th Cir. BAP 1996) (citing Rose v. United States, 905 F.2d 1257, 1259 (9th Cir. 1990)).

The bankruptcy court's interpretation of the Code is a matter of law, subject to de novo review. Id.

We review the bankruptcy court's imposition of fines under § 110 for an abuse of discretion. Frankfort Dig. Servs., Ltd. v. U.S. Trustee (In re Reynoso), 315 B.R. 544, 550 (9th Cir. BAP 2004), aff'd, 477 F.3d 1117 (9th Cir. 2007) (citing Consumer Seven Corp. v. U.S. Tr. (In re Fraga), 210 B.R. 812, 816 (9th Cir. BAP 1997)). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard, or if its factual findings are illogical, implausible or unsupported by evidence in the record. Trafficschool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm the bankruptcy court's order on any basis

supported by the record. See ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014).

# V. DISCUSSION

## A. The bankruptcy court did not violate Strickland's procedural due process rights.

Due process is a relatively minimal standard that only requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950); Tennant v. Rojas (In re Tennant), 318 B.R. 860, 870 (9th Cir. BAP 2004) (procedural due process requires notice and an opportunity to be heard). The UST's moving papers clearly stated what Code sections he believed Strickland violated and what relief he was seeking. He provided proper notice to Strickland of the hearing date and time and notice under Local Rule 9013-1(f) that any objection had to be served within 14 days prior to the hearing. Strickland timely filed an opposition to the motion, defending her position.

Strickland contends the bankruptcy court erred by refusing to call her for the hearing, which appears to be a procedural due process argument. She argues that no "Court Call" directions were ever given to her and that no such "Court Call rule" exists on the website for the Bankruptcy Court for the Central District of California. Strickland contends therefore that she had no way of knowing a prepayment to Court Call was required prior to being allowed to be heard at oral argument.

Local Rule 9074-1, which is available on the bankruptcy

court's website, discusses telephonic appearance for court hearings and provides that "[a] party who wishes to appear telephonically at a court hearing must consult the court's web site to determine whether a telephonic appearance on a particular matter is permissible and to obtain the judge's procedure for requesting and making a telephonic appearance." Telephonic appearance instructions are available for each bankruptcy judge on the court's website. They provide detailed, step-by-step instructions on how to appear by telephone, including contact information for Court Call. If Strickland was unsure where to look on the court's website, running a search for "telephonic appearance" in the website's search engine leads one to the judge's procedures.

As a litigant, it was Strickland's responsibility to determine whether and how she could appear by phone. Her unfamiliarity with the rules for a telephonic appearance is no excuse; the court not calling her for the hearing certainly does not constitute a violation of her due process rights. Pro se litigants are not excused from complying with procedural rules. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds, Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Strickland's acknowledgment of her extensive paralegal training is an even more compelling reason to expect her to comply with the local rules for participating in telephonic hearings. The bankruptcy court therefore acted within its discretion to enforce the court's local rules and procedures and to decline to call Strickland as she requested. See Simmons

-9-

v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (trial court has broad discretion in interpreting and applying local rules).

Moreover, Strickland has not shown how she was prejudiced from what she considers were procedural deficiencies. See Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 777 (9th Cir. 2008) ("Because there is no reason to think that, given appropriate notice and a hearing, Rosson would have said anything that could have made a difference, Rosson was not prejudiced by any procedural deficiency."). Strickland has not articulated what she could have said or done at the hearing that would have changed the outcome. As we explain below, § 110(f) is a strict liability provision and Strickland admitted to violating it in her opposition. She advanced only the legal argument that use of the word "paralegal" did not violate § 110(f). The court found that it did, as do we. Thus, nothing she would have said or done at the hearing had the court called her as she requested would have changed the outcome.

**B. The bankruptcy court did not err in determining that use of the word "paralegal" violates § 110(f) or abuse its discretion in fining Strickland.**

Perceiving a need to curtail widespread fraud, abuse and the unauthorized practice of law, Congress enacted legislation in 1994 seeking to restrict the activities of non-attorney BPPs. See Ferm v. U.S. Tr. (In re Crawford), 194 F.3d 954, 957 (9th Cir. 1999). The centerpiece of that legislation was § 110. Id. Section 110 was designed to prevent BPPs from taking "unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system." Hastings v. U.S. Tr. (In re Agyekum), 225

-10-

B.R. 695, 701 n.7 (9th Cir. BAP 1998) (quoting H.R. Rep. 103-834, at 40-41(1994)). Section 110 imposes a number of requirements and restrictions on BPPs and also imposes fines for noncompliance. See In re Branch, 504 B.R. 634, 639-40 (Bankr. E.D. Cal. 2014) (explaining requirements, restrictions and fines). The U.S. Trustee has standing to file a motion to request turnover of fees, statutory damages and fines. § 110(h)(4), (i)(1) and (*l*)(3).

Section 110(f) provides that a BPP "shall not use the word 'legal' or **any similar term** in any advertisements, or advertise under any category that includes the word 'legal' or **any similar term**." (Emphasis added.) Strickland raises the same arguments here that she did before the bankruptcy court, that using the name "Low Cost Paralegal Services" would not mislead the public into thinking she offered legal services as the UST alleged, especially when considering her disclaimers, and that her business name does not contain the word "legal" solely on its own. Thus, argues Strickland, she did not violate § 110(f). We disagree.

Several courts, including the Panel, have held that a BPP's use of the word "paralegal" violates § 110(f), not only because it actually contains the prohibited word "legal", but also because it promotes the BPP's specialized legal expertise or knowledge and misleads lay persons into believing legal services are being provided. U.S. Tr. v. Burton (In re Rosario), 493 B.R. 292, 349 (Bankr. D. Mass. 2013); U.S. Tr. v. Summerrain (In re Avery), 280 B.R. 523, 530 (Bankr. D. Colo. 2002) (BPP who does business under trade name incorporating the word "paralegal" and advertises trade name violates § 110(f)); In re Bush, 275 B.R. 69, 82 (Bankr. D. Idaho 2002) (holding that BPP's use of the word "legal" within the

-11-

term "paralegal" on a sign in his office violated § 110(f)); In re Moffett, 263 B.R. 805, 813 (Bankr. W.D. Ky. 2001) (holding that a trained paralegal working as a BPP violated § 110(f) by using the word "paralegal" on her business cards); In re Gomez, 259 B.R. 379, 385 (Bankr. D. Colo. 2001) (holding that use of "paralegal" trade name in advertisements violates the letter and spirit of § 110(f)); Fessenden v. Ireland (In re Hobbs), 213 B.R. 207, 215 (Bankr. D. Maine 1997) (use of the term "paralegal," a "similar term" to "legal" under § 110(f), fosters consumer confusion of the character Congress intended to eliminate); In re Burdick, 191 B.R. 529, 535 (Bankr. N.D.N.Y. 1996) (BPP's use of the word "paralegal" in her Pennysaver ads violated § 110(f) because paralegal is a "similar term" that falls within the statute). See also Abonal v. U.S. Tr. (In re Jackson), 2014 WL 5575293, at *10 (9th Cir. Nov. 3, 2014) (BPP with business name "Abonal Paralegal Services" who failed to prove he was a paralegal acting under the direct supervision of an attorney violated § 110(f) by using the term "paralegal" in his business name and business cards).

Contrary to Strickland's argument, the plain language of § 110(f) prohibits **any** use of the word "legal" in an advertisement by a non-attorney BPP, including the word "paralegal." "The statute does not say that some uses of the word 'legal' are acceptable through context, modifier, or otherwise. The prohibition is absolute and unambiguous." In re Farness, 244 B.R. 464, 468 (Bankr. D. Idaho 2000). Therefore, whether Debtor was actually misled into thinking Strickland offered legal advice or legal services is not the test for whether Strickland violated § 110(f). Section 110(f) is a "strict liability" provision.

-12-

Bolen v. King (In re Howard), 351 B.R. 371, 380 (Bankr. W.D. La. 2005); In re Gomez, 259 B.R. at 385. Further, her claimed adherence to Nevada law also lacks merit; § 110(f) is a federal bankruptcy statute, not a state statute.

Strickland's use of the business name "Low Cost Paralegal Services" violates § 110(f). So too does her use of the terms "paralegal" and "legal" throughout her website in connection with advertising her bankruptcy preparation services. In re Reynoso, 477 F.3d at 1124 (BPP's use of the words "law" and "legal" on BPP's website violated § 110(f)). The bankruptcy court did not err in determining that Strickland violated § 110(f).

A BPP who violates § 110, including subsection (f), "or commits any act that the court finds to be fraudulent, unfair, or deceptive" shall be ordered by the court to pay to the debtor,

> (A) the debtor's actual damages;
>
> (B) the greater of—
>
>> (i) $2,000; or
>> (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>
> (C) reasonable attorney's fees and costs in moving for damages under [11 U.S.C. § 110(i)].

§ 110(i)(1). In addition, under § 110(h)(3)(B), the fees charged by a BPP who fails to comply with subsection (f) "may" be forfeited. Finally, § 110(l)(1) provides that a BPP who fails to comply with subsection (f) "may" be fined not more than $500 for each such failure.

The bankruptcy court did not find that Strickland's conduct was fraudulent, unfair or deceptive. But she did nonetheless violate § 110(f), which is enough to mandate damages under

§ 110(i)(1). The use of the word "shall" in § 110(i)(1) indicates that the bankruptcy court has no discretion in deciding whether to impose statutory damages of $2,000 once it found a violation of § 110(f). Even if no actual damages are requested, the court must award statutory damages which are computed to be the **greater of either** (1) $2,000 or (2) twice the amount paid by the debtor to the BPP for his or her services ($300 here). In re Branch, 504 B.R. at 648. As such, the court did not err in awarding the $2,000 in damages to Debtor.

The disgorgement of the $150 fee Debtor paid to Strickland and the $500 fine are, however, discretionary, with Congress's use of the term "may" in both § 110(h)(3)(B) and (l)(1). See id. (court is permitted, but not required, to order the forfeiture of fees or impose statutory fines when violation of § 110(f) has occurred). The bankruptcy court ordered Strickland to disgorge her fee of $150 and fined her $500. The record supports these discretionary awards. Given Strickland's clear violation of § 110(f) with her use of the word "paralegal" in advertising since at least 2009, the bankruptcy court was within its discretion to order the disgorgement of her $150 fee under § 110(i)(1) and to fine her the maximum of $500 under § 110(l)(1).

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.

-14-