NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DAVID C. GOAD,<br><div align="right">Debtor.</div> | BAP No. CC-21-1171-FSG<br><br>Bk. No. 6:21-bk-13652-WJ |
| DAVID C. GOAD,<br><div align="right">Appellant.</div> | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Wayne E. Johnson, Bankruptcy Judge, Presiding

Before: FARIS, SPRAKER, and GAN, Bankruptcy Judges.

## INTRODUCTION

David C. Goad appeals the bankruptcy court's dismissal of his

chapter 11[1] bankruptcy case for failure to file necessary documents. He

argues that he did not have notice of the missing documents and that the

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "LBR" references are to the Local Bankruptcy Rules of the Central District of California.

bankruptcy judge harbored bias and animosity toward him.

Mr. Goad fails to establish any reversible error. We AFFIRM.

**FACTS[2]**

Mr. Goad, proceeding pro se, filed a skeletal chapter 11 petition in July 2021. He indicated that he intended to proceed under Subchapter V.

The bankruptcy court flagged Mr. Goad's documents as incomplete and issued two notices: a "Notice of Case Deficiency Under 11 U.S.C. § 521(a)(1) and Bankruptcy Rule 1007" and a "Case Commencement Deficiency Notice." It sent the notices to Mr. Goad separately, each with a certificate of notice.

The Notice of Case Deficiency cautioned Mr. Goad that he must file the documents required by Rule 1007 (schedules, statement of financial affairs, and various declarations and statements) within fourteen days.

Separately, the Case Commencement Deficiency Notice warned Mr. Goad that his case may be dismissed if he did not cure certain other deficiencies. It instructed him to file the following documents within fourteen days: (1) Statement of Related Cases (LBR Form 1015-2), (2) Declaration by Debtor(s) as to Whether Income was Received From an Employer within 60 Days of the Petition Date (LBR Form F1002-1), and

---

[2] Mr. Goad did not provide us with excerpts of record on appeal. We exercise our discretion to review the bankruptcy court's docket in this case and his prior bankruptcy case, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

(3) Verification of Master Mailing List of Creditors (LBR Form F1007-1). It also stated that, if he was a small business debtor under Subchapter V, he must file his most recent: (1) balance sheet, (2) statement of operations, (3) cash-flow statement, and (4) federal tax return; or file a statement under penalty of perjury that such documents have not been prepared.

Mr. Goad filed only the documents enumerated in the Notice of Case Deficiency. He failed to file any of the documents listed in the Case Commencement Deficiency Notice.

Mr. Goad also filed a Motion to Disqualify Judge Wayne E. Johnson. He argued that Judge Johnson presided over his earlier chapter 13 case and "deeply dislikes pro se litigants and debtors. This dislike has permeated into the work ethic of court staff, which restricts Mr. Goad's due process rights." He claimed that, in the chapter 13 case, the court clerk refused to accept his filing fee, the court denied his motion to file electronically and other motions, "[e]verything sent to the court was rejected," and the court did not return his phone calls. He further claimed that, in his present chapter 11 case, the court's notice of deficiency was untimely.

A week later, the bankruptcy court sua sponte issued an order dismissing Mr. Goad's case for failure to provide all of the documents and information required by Rule 1007 and LBR 1002-1 and 1007-1(a).

Mr. Goad timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and

3

157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in dismissing Mr. Goad's chapter 11 case for failure to file required documents.

## STANDARD OF REVIEW

We review for abuse of discretion the bankruptcy court's decision to dismiss a chapter 11 case. *See Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 611 (9th Cir. BAP 2014).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## DISCUSSION

**A.** **The bankruptcy court did not err in dismissing the chapter 11 case**.

Mr. Goad argues that the bankruptcy court should not have dismissed his case because he did not have notice of the missing documents. We reject this argument.

The applicable bankruptcy statutes and rules require the debtor to provide detailed information about his financial condition and history. *See* § 521(a)(1); Rule 1007; *Spokane Law Enf't Fed. Credit Union v. Barker (In re*

4

*Barker)*, 839 F.3d 1189, 1193 (9th Cir. 2016). These disclosures are crucial to the administration of a bankruptcy case: they enable the court, the trustee, the creditors, and other parties in interest to ascertain the debtor's financial condition without the requirement of a costly investigation. A court may dismiss a case pursuant to its inherent powers under § 105 if the debtor fails to file these documents. *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 869-71 (9th Cir. BAP 2004) (affirming the dismissal of a chapter 13 case under § 105 for failure to file required documents).

In this case, Mr. Goad failed to file all of the documents enumerated in the Case Commencement Deficiency Notice. That notice warned Mr. Goad that his case may be dismissed if he failed to cure deficiencies and file the documents listed in the notice. It was incumbent upon him to review the notice carefully and file the required documents. Mr. Goad's disregard of the Case Commencement Deficiency Notice warranted dismissal of his chapter 11 case. *See id.* at 870-71 ("[I]f a case involves only very narrow procedural aspects, a court can dismiss a Chapter 13 case without further notice and a hearing if the debtor was provided 'with notice of the requirements to be met.'" (citation omitted)).

Mr. Goad may have assumed that the Case Commencement Deficiency Notice was just another copy of the Notice of Case Deficiency and that compliance with the latter was sufficient. He could not have reached this conclusion if he had read the Case Commencement Deficiency Notice, because it unambiguously required Mr. Goad to file documents in

5

addition to those required by the Notice of Case Deficiency.

Mr. Goad's pro se status is not an excuse. While courts construe pro se litigants' filings liberally, pro se litigants must still provide the information that is necessary to administer the bankruptcy case and evaluate their entitlement to relief. *See Rivera v. Curry (In re Rivera)*, 517 B.R. 140, 145 (9th Cir. BAP 2014), *aff'd in part, appeal dismissed in part*, 675 F. App'x 781 (9th Cir. 2017).

Mr. Goad's only argument is that he did not receive the Case Commencement Deficiency Notice. However, the Ninth Circuit has stated that a rebuttable presumption of receipt arises when a document was sent via regular mail and a certificate of service is entered on the docket, and that a simple affidavit of nonreceipt cannot defeat the presumption. *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 206-07 (9th Cir. 1991); *see also Seminiano v. Xyris Enter., Inc.*, 512 F. App'x 735, 736 (9th Cir. 2013) ("A proof of service is a sworn declaration giving rise to a presumption of receipt, but, depending on the circumstances, that presumption can be rebutted by a credible sworn declaration of non-receipt.").

The bankruptcy court's docket indicates that the clerk's office sent the Case Commencement Deficiency Notice to Mr. Goad via first class mail at the address he provided in his petition. His unsworn statement in his appellate brief that "Doc. No. 5 was not mailed to Mr. Goad" is not credible and is insufficient to overcome the resulting presumption that he received the notice. Thus, Mr. Goad fails to rebut the presumption that he received

the Case Commencement Deficiency Notice and had notice of the missing documents.

Mr. Goad also argues that Judge Johnson violated his due process rights by denying his motions and that the clerk's office mistreated him by refusing to accept payment of the wrong filing fee amount in his prior case and not returning his phone calls. "Due process is a relatively minimal standard that only requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Strickland v. U.S. Tr. (In re Wojcik)*, 560 B.R. 763, 768 (9th Cir. BAP 2016) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). The bankruptcy court did not violate Mr. Goad's due process rights when it dismissed his chapter 11 case. The court handled the matter appropriately: Mr. Goad filed his petition; the bankruptcy court notified him about missing documents; Mr. Goad failed to file all of the required documents; and the bankruptcy court dismissed the case. Dismissing the case based on Mr. Goad's nondisclosure was normal and appropriate; allowing it to proceed without those disclosures would have been irregular.

**B. Mr. Goad's attacks on Judge Johnson's impartiality are unavailing.**

Mr. Goad complains that Judge Johnson was biased against him. His arguments are meritless.

The test for recusal of a bankruptcy judge under 28 U.S.C. § 455(a) is "whether a reasonable person with knowledge of all the facts would

conclude that the judge's impartiality might reasonably be questioned." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1144-45 (9th Cir. 2001) (citation omitted). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Mr. Goad does not establish any bias or antagonism warranting recusal. All of his complaints concern Judge Johnson's decisions in his two cases, not any outside source. Adverse rulings by the bankruptcy court do not constitute a basis for recusal. *Id.*

Mr. Goad claims that bankruptcy practitioners have told him that the court has a reputation of being hostile to debtors. This hearsay assertion, even if true, is insufficient to warrant recusal. *See United States v. Holland*, 519 F.3d 909, 914 n.5 (9th Cir. 2008) (stating that recusal is not warranted for "rumor, speculation, beliefs . . . and similar non-factual matters" (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993))).

Thus, we do not discern any reason that Judge Johnson should have recused himself from Mr. Goad's chapter 11 case.

## CONCLUSION

The bankruptcy court did not err in dismissing Mr. Goad's chapter 11

case. We AFFIRM.